1

2

3

4    Date: January 20, 2012

5                                                           Respectfully Submitted

6                                                           _____

7                                                           Dinesh Perera

8                                                           _____

9                                                           Jennifer McCandless

10                                                          All Rights Reserved

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS - 3

PROOF OF SERVICE

1

2      I am over the age of 18 and not a party to this action.

3      I am a resident of or employed in the county where the mailing occurred; my business/

4  residence address is: _Travis Middleton  27 W. Anapamu #15_ Santa Barbara Cal. 93101

5      On _January 20, 2012_ , I served the foregoing document(s) described as:

6  **NOTICE OF MOTION AND MOTION TO QUASH SUMMONS AND NOTICE OF**

7  **FRAUD UPON THE COURT** to the following parties:

8  KENNETH A. FREEMAN (SBN 61174) attorney for Plaintiff WELLS FARGO BANK, N.A.

9  at the address of 4165 East Thousand Oaks Blvd. Suite 101 Westlake Village, California 91362.

10

11  [✓](By U.S. Mail) I deposited such envelop in the mail at _Santa Barbara_ ,

12  California with postage thereon fully prepaid.

13  [ ] (By Personal Service) I caused such envelop to be delivered by hand via messenger service to

14  the address above.

15

16

17      I declare under penalty of perjury under the laws of the State of California that the foregoing

18  is true and correct.

19

20  Date: January 19, 2012

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS - 4**

1

LAW OFFICES OF
**KENNETH A. FREEDMAN**
2     A PROFESSIONAL LAW CORPORATION
Kenneth A. Freedman (State Bar #61174)
3     4165 East Thousand Oaks Boulevard
Suite 101
4     WESTLAKE VILLAGE, CALIFORNIA 91362
Telephone (805) 777-3822 - Fax (805) 777-3827
5

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**JAN 2 7 2012**

GARY M. BLAIR, Executive Officer
BY _Jackie Vazquez_
JACKIE VAZQUEZ, Deputy Clerk

6     Attorney for Plaintiff, WELLS FARGO BANK NA

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SANTA BARBARA - LIMITED CIVIL

10

11    WELLS FARGO BANK NA,                )    CASE NO.  1384458
                                          )
12                    Plaintiff,          )    **PLAINTIFF'S OPPOSITION TO**
                                          )    **MOTION TO QUASH SERVICE OF**
13    vs.                                 )    **SUMMONS BROUGHT BY**
                                          )    **DEFENDANTS; MEMORANDUM OF**
14    JENNIFER MC CANDLESS, DINESH        )    **POINTS AND AUTHORITIES;**
      PERERA, and DOES 1 to 10,           )    **DECLARATION OF KENNETH A.**
15                                        )    **FREEDMAN**
                                          )
16                    Defendants.         )    DATE: February 9, 2012
                                          )    TIME:  9:30 A.M.
17    _____)    DEPT:  6
                                          )
18

19          TO DEFENDANTS JENNIFER McCANDLESS AND DINESH PERERA, IN PRO

20    PER:

21          Plaintiff, WELLS FARGO BANK NA hereby opposes the Motion to Quash brought by

22    Defendants JENNIFER McCANDLESS and DINESH PERERA on the grounds set forth below.

23          The hearing on the Motion to Quash is presently scheduled to take place on February 9,

24    2012, at 9:30 A.M., in Department 6 of the above-entitled Court, located at 1100 Anacapa St.,

25    Santa Barbara, CA 93101.

26          This opposition will be based upon the grounds that the Complaint filed herein states

27    facts sufficient to state cause(s) of action against Defendant and provides sufficient evidence of

28

F:\DOCUMENTS\WA\WELLS.MC\OPP MOTION QUASH          -1-
PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS, ETC.

1    proper service.  This opposition is further based upon the grounds that this Court has

2    jurisdiction over Defendants, and each of them, and that Plaintiff is a federal savings bank,

3    authorized to do business in the State of California, and as such, having acquired title to the

4    subject property through a foreclosure sale and has the legal capacity to sue.

5        This opposition will further be based upon the records and files herein, upon those

6    matters that this Court may take Judicial Notice, the attached memorandum of points and

7    authorities, upon the Declaration of Kenneth A. Freedman and upon such oral and documentary

8    evidence as may be presented at the hearing hereon.

9    Dated:  January 27, 2012                          KENNETH A. FREEDMAN
                                                        A Professional Law Corporation
10

11
                                                  By:
12                                                      KENNETH A. FREEDMAN,
                                                        Attorney for Plaintiff,
13                                                      WELLS FARGO BANK NA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF CASE

The within action filed by Plaintiff, WELLS FARGO BANK NA, alleges that named Defendants, JENNIFER McCANDLESS and DINESH PERERA, remain in possession of the subject premises located at 67 Alameda Padre Serra, Santa Barbara, CA 93103, after Plaintiff acquired title to the property by means of a Foreclosure Sale on November 7, 2011. The complaint further alleges that Plaintiff's title was perfected on November 17, 2011. Request is made that this Court take Judicial Notice of the Notice of Default and Notice of Trustee's Sale attached to the Complaint as Exhibit 1A and of the Trustee's Deed Upon Sale attached to the Complaint as Exhibit 1B.

The complaint further alleges that the 3/30/60/90 Day Notice to Quit was served on Defendants Jennifer McCandless, Dinesh Perera and Any and All Other Occupants of the subject property on December 11, 2011, and that the period stated in the notice expired on December 15, 2011.

## II.

## DEFENDANTS' CONTENTIONS

Defendants bring this Motion to Quash on the grounds that service of the Summons and Complaint was deficient, as there was no Complaint attached to the Summons, no proof of service and that service was not in compliance with California law. Defendants argue that the Summons and Complaint were posted at the subject premises.

Defendants also argue that Defendants Notice of Removal to the District Court was dismissed by the District Court and that decision has been appealed.

## III.

## SERVICE EFFECTIVE

The Proofs of Service, Declaration of Reasonable Diligence and Declaration of Mailing are attached to the Declaration of Kenneth A. Freedman collectively as Exhibit "A."

The Proofs of Service are signed by Sonny Haendiges, a registered California process

3

1  server, and state that Defendant Dinesh Perera was personally served on January 15, 2012, at

2  4:17 P.M., with the following documents: Summons – Unlawful Detainer – Eviction;

3  Complaint –Unlawful Detainer; Civil Case Cover Sheet; Prejudgment Claim of Right to

4  Possession.

5      At that same time, Defendant Jennifer McCandless was served by substituted service by

6  serving Dinesh Perera and thereafter mailing the aforementioned documents to the subject

7  residence on January 16, 2012. A Declaration of Reasonable Diligence is included.

8      It will be shown at the hearing on the motion to quash that the identifying information

9  provided in the Proof of Service accurately describes Defendant Dinesh Perera.

10     In weighing conflicting evidence, the trier of fact may consider the existence or

11  nonexistence of a bias, interest or other motive on the part of the witness. [*United States v. Abel*

12  (1984) 469 US 45, 49, 105 S.Ct. 465, 467; *United States v. Hankey* (9th Cir. 2000) 203 F3d

13  1160, 1171–1173; *United States v. Figueroa* (2nd Cir. 2008) 548 F3d 222, 228–229.

14     Thus, any fact or circumstance tending to show a witness has a financial interest in the

15  outcome of a legal proceeding is a proper ground for impeachment. [See *United States v. Dees*

16  (9th Cir. 1994) 34 F3d 838, 844.

17     The service of process statutes are generally construed liberally to uphold jurisdiction.

18  Therefore, courts are inclined to deny a motion to quash so long as plaintiff "substantially

19  complied" with the Code service prerequisites (and especially if defendant received *actual* notice

20  in time to defend). [*Pasadena Medi–Center Associates v. Super.Ct. (Houts)* (1973) 9 C3d 773,

21  778, 108 CR 828, 832; *Bein v. Brechtel–Jochim Group, Inc.* (1992) 6 CA4th 1387, 1394, 8 CR2d

22  351, 354–355].

23                                            **IV.**

24                    **DEFENDANTS' RIGHTS WERE EXTINGUISHED**

25                        **WITH THE FORECLOSURE SALE**

26     A completed foreclosure sale held in compliance with state law requirements constitutes a

27  final adjudication of the rights of the borrower and the lender. Moeller vs. Lien (1994)

28  25 Cal.App.4th 822, 830; Ballengee vs. Sadler (1986) 179 Cal.App.3rd 1, 4-5; California Civil

                                              4

1   Code, Section 2924h(c).

2      A nonjudicial foreclosure ("trustee's") sale (CC Section 2924ff.) conveys to the purchaser

3   absolute title that "related back" to the date on which the trust deed was recorded. The *Rutter*

4   *Group, California Practice Guide, Landlord-Tenant, Section 2:527.1.*

5      Defendants' attempt to remove this matter to the Federal Court (dismissed by the District

6   Court on September 29, 2011) and Defendants' appeal of that decision have no bearing on the

7   within action for Unlawful Detainer, as the Foreclosure Sale has been completed and only

8   possession is in issue.

9                                    **V.**

10                              **CONCLUSION**

11      It is respectfully requested that this Court view this Motion to Quash herein as no more

12   than mere subterfuge and an effort to obstruct Plaintiff's rightful possession of the subject

13   premises.

14      It is respectfully requested that this Court deny the Motion to Quash brought by

15   Defendants.

16   Dated: January 27, 2012                KENNETH A. FREEDMAN
                                            A Professional Law Corp.
17

18

19   By: _____
                                            KENNETH A. FREEDMAN,
20                                          Attorney for Plaintiff,
                                            WELLS FARGO BANK NA
21

22

23

24

25

26

27

28

F:\DOCUMENS\W\WELLS.MC\OPP MOTION QUASH
PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS, ETC.

## DECLARATION OF KENNETH A. FREEDMAN

I, KENNETH A. FREEDMAN, declare:

1. I am an attorney duly licensed to practice law before all Courts in the State of California and am counsel of record for Plaintiff Wells Fargo Bank NA.

2. The matters stated herein are of my personal knowledge, except for those matters stated on information and belief. If called, I could and would so competently testify.

3. The within action filed by Plaintiff, WELLS FARGO BANK NA, alleges that named Defendants, JENNIFER McCANDLESS and DINESH PERERA, remain in possession of the subject premises located at 67 Alameda Padre Serra, Santa Barbara, CA 93103, after Plaintiff acquired title to the property by means of a Foreclosure Sale on November 7, 2011. The complaint further alleges that Plaintiff's title was perfected on November 17, 2011. Request is made that this Court take Judicial Notice of the Notice of Default and Notice of Trustee's Sale attached to the Complaint as Exhibit 1A and of the Trustee's Deed Upon Sale attached to the Complaint as Exhibit 1B.

4. The complaint further alleges that the 3/30/60/90 Day Notice to Quit was served on Defendants Jennifer McCandless, Dinesh Perera and Any and All Other Occupants of the subject property on December 11, 2011, and that the period stated in the notice expired on December 15, 2011.

5. Defendants bring this Motion to Quash on the grounds that service of the Summons and Complaint was deficient, as there was no Complaint attached to the Summons, no proof of service and that service was not in compliance with California law. Defendants argue that the Summons and Complaint were posted at the subject premises.

6. Defendants also argue that Defendants Notice of Removal to the District Court was dismissed by the District Court and that decision has been appealed.

7. The Proof of Service of Dinesh Perera, attached hereto as Exhibit "A," is signed by Sonny Haendiges, a registered California process server, and state that Defendant Dinesh Perera was personally served on January 15, 2012, at 4:17 P.M., with the following documents: Summons – Unlawful Detainer – Eviction; Complaint –Unlawful Detainer; Civil Case Cover

6

1  Sheet; Prejudgment Claim of Right to Possession.  At that same time, Defendant Jennifer

2  McCandless was served by substituted service by serving Dinesh Perera and thereafter mailing

3  the aforementioned documents to the subject residence on January 16, 2012.  A Declaration of

4  Reasonable Diligence is included.  A true and correct copy thereof is attached hereto as Exhibit

5  "B".

6       8. It will be shown at the hearing on the motion to quash that the identifying information

7  provided in the Proof of Service accurately describes Defendant.

8       9. It is respectfully requested that Defendants' Motion to Quash be viewed as no more

9  than mere subterfuge and a ploy to delay Plaintiff's rightful possession to the subject premises.

10       I swear under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.

12       Executed this 27th day of January, 2012, at Westlake Village, California.

13

14       KENNETH A. FREEDMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| FREEDMAN, KENNETH A. 4165 E. THOUSAND OAKS BLVD., #101 WESTLAKE VILLAGE, CA 91362 | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA BARBARA |
| TELEPHONE NO.: 805 777-3822      FAX NO. (Optional): 805 777-3827 | **JAN 1 8 2012** |
| EMAIL ADDRESS (Optional): | GARY M. BLAIR, Executive Officer |
| ATTORNEY FOR (Name):  WELLS FARGO NA | BY  |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | JACKIE VAZQUEZ, Deputy Clerk |
| STREET ADDRESS: 1100 Anacapa Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Santa Barbara 93121 | |
| BRANCH NAME: Santa Barbara Courthouse, Anacapa Division | |

| PLAINTIFF/PETITIONER:  WELLS FARGO NA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  McCANDLESS, ET AL | 1384458 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: WFB vs. Mc Candless, et al |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the (specify documents):
   Summons-unlawful Detainer-eviction; Complaint-unlawful Detainer; Civil Case Cover Sheet; Prejudgment of Right to Possession

3. a. Party served (specify name of party as shown on documents served):
   Dinesh Perera
   b. [   ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served:
   67 ALAMEDA PADRE SERRA, SANTA BARBARA, CA 93103

5. I served the party (check proper box)
   a. [ X ] by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on (date): 1/18/2012  (2) at (time): 4:17 PM
   b. [   ] by substituted service.  On (date):      (2) at (time):      I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      (1) [   ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [   ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [   ] (physical address unknown) a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):      from (city):      or [   ] a declaration of mailing is attached.
      (5) [   ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2 Code of Civil Procedure, § 417.10 |



Order No. 7315134 LAX FIL



| PLAINTIFF/PETITIONER:  WELLS FARGO NA | CASE NUMBER: 1384455 |
|---|---|
| DEFENDANT/RESPONDENT:  McCANDLESS, ET AL. | |

c. [  ] by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope
addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] by other means *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ X ] as an individual defendant.
   b. [  ] as the person sued under the fictitious name of *(specify):*
   c. [  ] as occupant
   d. [  ] On behalf of *(specify):*
     under the following Code of Civil Procedure section:

      [  ] 416.10 (corporation)           [  ] 415.95 (business organization, form unknown)
      [  ] 416.20 (defunct corporation)       [  ] 416.60 (minor)
      [  ] 416.30 (joint stock company/association)  [  ] 416.70 (ward or conservatee)
      [  ] 416.40 (association or partnership)    [  ] 416.90 (authorized person)
      [  ] 416.50 (public entity)              [  ] 415.46 (occupant)
                                          [  ] other

7. Person who served papers
   a. Name:           Sonny Haendiges
   b. Address:       5350 Laurel Canyon Blvd., #405, North Hollywood, CA 91606
   c. Telephone number:  818-787-0422
   d. The fee for service was:  $35.00
   e. I am:
     (1) [  ] not a registered California process server.
     (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
     (3) [ X ] registered California process server:
        (i) [  ] owner  [  ] employee  [ X ] independent contractor
        (ii) [ X ] Registration No.:  553
        (iii) [ X ] County:      VENTURA

**BY FAX**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
     or
9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  1/18/2012

_____
Sonny Haendiges
[NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL]

*Sonny Haendiges*
_____
(SIGNATURE)



**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Order No. 7315134 LAX FIL

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
**FREEDMAN, KENNETH A.**
**4165 E. THOUSAND OAKS BLVD., #101**
**WESTLAKE VILLAGE, CA 91362**
  TELEPHONE NO.: **805 777-3822**   FAX NO. *(Optional):* **805 777-3827**
  EMAIL ADDRESS *(Optional):*
  ATTORNEY FOR *(Name):*   **WELLS FARGO NA**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
  STREET ADDRESS: **1100 Anacapa Street**
  MAILING ADDRESS:
  CITY AND ZIP CODE: **Santa Barbara 93121**
  BRANCH NAME: **Santa Barbara Courthouse, Anacapa Division**

| PLAINTIFF/PETITIONER: **WELLS FARGO NA** |
| DEFENDANT/RESPONDENT: **McCANDLESS, ET AL** |

**PROOF OF SERVICE OF SUMMONS**

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

JAN 1 8 2012

GARY M. BLAIR, Executive Officer
BY _Jackie Vazquez_
JACKIE VAZQUEZ, Deputy

CASE NUMBER:
**1384458**

Ref. No. or File No.:
**WFB vs. Mc Candless, et al**

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
   Summons-unlawful Detainer-eviction; Complaint-unlawful Detainer; Civil Case Cover Sheet; Prejudgment of Right to Possession

3. a. Party served *(specify name of party as shown on documents served)*:
      Jennifer Mc Candless
   b. [  ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
      67 ALAMEDA PADRE SERRA, SANTA BARBARA, CA 93103

5. I served the party *(check proper box)*
   a. [  ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  (2) at *(time):*
   b. [ X ] by substituted service. On *(date):* 1/15/2012  (2) at *(time):* 4:17 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Dinesh Parara, CO-RESIDENT, A Middle Eastern male approx. 55-65 years of age, 5'8"-6'0" tall weighing 160-190 lbs, salt and pepper.
      (1) [  ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ X ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [  ] (physical address unknown) a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ X ] a declaration of mailing is attached.
      (5) [ X ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 (Rev. January 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 9364498 LAX FIL



# EXHIBIT B

| PLAINTIFF/PETITIONER: WELLS FARGO NA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McCANDLESS, ET AL | 1384458 |

c. [ ] by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] by other means *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ X ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant

d. [ ] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other |

7. Person who served papers

a. Name:    **Sonny Hxendiges**

b. Address:    **6359 Laurel Canyon Blvd., #405, North Hollywood, CA 91606**

c. Telephone number:    **818-787-0422**

d. The fee for service was:    **$99.50**

e. I am:

    (1) [ ] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ X ] registered California process server:

        (i) [ ] owner  [ ] employee  [ X ] independent contractor

        (ii) [ X ] Registration No.:  **553**

        (iii) [ X ] County:  **VENTURA**

**BY FAX**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 1/18/2012

        **Sonny Hxendiges**                         

    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)



| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **FREEDMAN, KENNETH A.** <br> **4185 E. THOUSAND OAKS BLVD., #101** <br> **WESTLAKE VILLAGE, CA 91362** <br> TELEPHONE NO.: **805 777-3822**    FAX NO. (Optional): **805 777-3827** <br> EMAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): **WELLS FARGO NA** | **FILED** <br> SUPERIOR COURT of CALIFORNIA <br> COUNTY of SANTA BARBARA <br> **JAN 1 8 2012** <br> GARY M. BLAIR, Executive Officer <br> BY _____ <br> JACKIE VAZQUEZ, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA |
|---|
| STREET ADDRESS: **1100 Anacapa Street** |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: **Santa Barbara 93121** |
| BRANCH NAME: **Santa Barbara Courthouse, Anacapa Division** |

| PLAINTIFF/PETITIONER: WELLS FARGO NA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: McCANDLESS, ET AL | **1384458** |

| DECLARATION OF REASONABLE DILIGENCE | Ref. No. or File No.: <br> **WFB vs. Mc Candless, et al** |
|---|---|

**Party to Serve:**
**Jennifer Mc Candless**

**Documents:**
Summons-unlawful Detainer-eviction; Complaint-unlawful Detainer; Civil Case Cover Sheet; Prejudgment of Right to Possession

**Service Address:**
**67 ALAMEDA PADRE SERRA, SANTA BARBARA, CA 93103**

I declare the following attempts were made to effect service by personal delivery:
1/11/2012 4:02 PM: No Answer at the door, dark inside, noises inside, no activity inside, no vehicles present
1/12/2012 2:01 PM: No Answer at the door, dark inside, quiet inside, no activity inside, no vehicles present
1/13/2012 6:20 PM: No Answer at the door, dark inside, quiet inside, no activity inside, vehicle present (SKYBLMT)
1/13/2012 6:20 PM: No Answer at the door, dark inside, quiet inside, no activity inside, vehicle present (SKYBLMT)
1/14/2012 2:51 PM: No Answer at the door, dark inside, quiet inside, no activity inside, no vehicles present

**Person who served papers:**
**Sonny Haendiges**
6360 Laurel Canyon Blvd., #406, North Hollywood, CA 91606
818-787-0422

I am a registered California process server
    Registration No.: 663
    County: **VENT        URA**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/16/2012

_____          _____
**Sonny Haendiges**                                    (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)



Order No. 8364495 LAX FIL

BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>**FREEDMAN, KENNETH A.**<br>**4165 E. THOUSAND OAKS BLVD., #101**<br>**WESTLAKE VILLAGE, CA 91362**<br><br>TELEPHONE NO. **805 777-3822**     FAX NO. *(Optional)*: **805 777-3827**<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **WELLS FARGO NA** | FOR COURT USE ONLY<br><br># FILED<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>**JAN 1 8 2012**<br><br>GARY M. BLAIR, Executive Officer<br>BY _____<br>JACKIE VAZQUEZ, Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**<br>STREET ADDRESS: **1100 Anacapa Street**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **Santa Barbara 93121**<br>BRANCH NAME: **Santa Barbara Courthouse, Anacapa Division** | |
| PLAINTIFF/PETITIONER: **WELLS FARGO NA** | CASE NUMBER:<br>**1384458** |
| DEFENDANT/RESPONDENT: **McCANDLESS, ET AL** | |
| **DECLARATION OF MAILING** | Ref. No. or File No.:<br>**WFB vs. Mc Candless, et al** |

The undersigned hereby declares: that I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My business address is 501 12th St. Sacramento, CA 95814.

That on January 16th, 2012, after substituted service was made, I mailed the following documents: Summons-unlawful Detainer-eviction; Complaint-unlawful Detainer; Civil Case Cover Sheet; Prejudgment of Right to Possession to the servee in this action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid for first class mail and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, CA.

That I addressed the envelope as follows:

Jennifer Mc Candless
67 ALAMEDA PADRE SERRA
SANTA BARBARA, CA 93103

BY FAX

That I declare under penalty of perjury of the state of California that the foregoing is true and correct.

That I executed this declaration on January 16th, 2012 at Sacramento, CA.

_____
Declarant     Russell Duane



Order No. 9384498 LAX FIL

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF VENTURA

3

 I, Beverly Adelman, am employed in the County of Ventura, State of California. I am over the age of 18

4

and not a party to the within action; my business address is 4165 East Thousand Oaks Boulevard, Suite 101, Westlake Village, California 91362.

5

 On January 27, 2012, I served the foregoing document(s) described as

6

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS BROUGHT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES;**

7

**DECLARATION OF KENNETH A. FREEDMAN**

8

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

9

10

Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

11

12

Jennifer McCandless
67 Alameda Padre Serra
Santa Barbara, CA 93103

13

14

[X ] BY MAIL, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, it would be deposited with the U.S. Postal Service on that

15

 same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation

16

 date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

[ ] BY FACSIMILE TRANSMISSION.

18

[ ] BY MESSENGER, via hand delivery to the office of the addressee.

19

[ ] BY FEDERAL EXPRESS - I caused each such envelope to be deposited into a designated Federal Express dropbox for pick up on the date of execution of this declaration and delivery on the following business

20

 morning.

21

Executed on January 27, 2012, at Westlake Village, California.

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

       BEVERLY ADELMAN
       Declarant

25

26

27

28

8

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Kenneth A. Freedman, Esq.  (SBN61174)
4165 E. Thousand Oaks Blvd., Suite 101
Westlake Village, CA 91362

TELEPHONE NO.: 805-777-3822    FAX NO. (Optional): 805-777-3827
E-MAIL ADDRESS (Optional): kaflaw@gmail.com
ATTORNEY FOR (Name): Plaintiff

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

JAN 3 1 2012

GARY M. BLAIR, Executive Officer
BY _Penny Wooff Dy_
PENNY WOOFF, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Santa Barbara Courthouse

PLAINTIFF/PETITIONER: Wells Fargo Bank NA
DEFENDANT/RESPONDENT: Jennifer McCandless

| REQUEST FOR (Application) | ☒ Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☐ Court Judgment | | 1384458 |

4441108

**BY FAX**

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): 1/4/2012
   b. by (name): Wells Fargo Bank NA
   c. ☒ Enter default of defendant (names): Any Other Occupants

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) ☐ for default previously entered on (date):

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs (see reverse) . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | TOTALS . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ 96.66    per day beginning (date): 12/15/2011
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☒ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: 1/31/2012

Kenneth A. Freedman
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) ☒ Default entered as requested on (date): JAN 3 1 2012 | GARY M. BLAIR, EXECUTIVE OFFICER |
|---|---|---|
| | (2) ☐ Default NOT entered as requested (state reason): | |
| | Clerk, by _Penny Wooff_, Deputy | |
| | | PENNY WOOFF |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 (Rev. January 1, 2007)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Page 1 of 2

Code of Civil Procedure,
§§ 585–587, 1169
www.courtinfo.ca.gov

**CIV-100**

| PLAINTIFF/PETITIONER: Wells Fargo Bank NA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jennifer McCandless | 1384458 |

4. **Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☑ did not for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☑ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a))*. This action
   a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code. § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
   a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. ☑ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
   (1) Mailed on *(date)*: 1/31/2012
   (2) To *(specify names and addresses shown on the envelopes)*:
   Any Other Occupants
   67 Alameda Padre Serra
   Santa Barbara, CA 93103

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5. and 6 are true and correct.
Date: 1/31/2012

Marilyn Keller
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . . $
   c. Other *(specify)*: . . . . . . . . . . . . . . . . . . . . $
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 1/31/2012

Kenneth A. Freedman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 1/31/2012

Kenneth A. Freedman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA BARBARA**

| | |
|---|---|
| F _____ |
| Doc  X (KT) |
| Stat _____ |
| CA _____ |
| AC _____ |
| Conf _____ |
| Notice _____ |
| FW _____ |

Dated and Entered:   02-09-12
Honorable:   Denise de Bellefeuille
Deputy Clerk:   Temple, Kristi
Deputy Sheriff:   R Clark
Court Reporter:   Flynn, Sandy

Time:   9:30 am

Dept:   SB6

Case No:   1384458

## Wells Fargo Bank NA vs Jennifer McCandless et al

Present:   ☑ P-Atty: *Kenneth Freedman*        ☐ via Court Call
☐ D-Atty:                                      ☐ via Court Call
☑ Defts: *Jennifer McCandless &*              ☐ via Court Call
☐     *Dinesh Perera*                          ☐ via Court Call

**NATURE OF PROCEEDINGS:**  Motion:Quash Service of Summons

☐ No appearance.   ☐ No Proof of Service   ☐ Off calendar   ☐ No opposition
☐ Continued to _____ at _____ ☐ a.m. ☐ p.m. in Dept. _____ per:
    ☐ Court   ☐ Plaintiff   ☐ Defendant   ☐ Stipulation

☑ Motion(s) are submitted   ☐ with ☑ without argument
☑ Motion ☐ granted ☑ denied
☐ Demurrer   ☐ Overruled   ☐ Sustained on grounds that _____

_____ is granted

_____days leave within to   ☐ amend   ☐ answer
☐ Summary adjudication   ☐ granted   ☐ denied   on grounds that: _____

_____

☑ The Court further ordered that: *Defendants are ordered to*
*respond to the complaint by 2·17·12*

_____

☐ Order signed and filed
☐ Let an order be prepared
☐ Counsel waived notice
☐ Counsel for _____ is directed to: ☐ give notice ☐ prepare and serve a
    formal order   ☐ have order approved as to form

GARY M. BLAIR, EXECUTIVE OFFICER         by: *Kristi Temple*, Deputy

SC-2402 (Revised July 1, 1999)         **MINUTE ORDER**
**MOTION/DEMURRER/SUMMARY JUDGMENT**

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**FEB 1 6 2012**

GARY M. BLAIR, Executive Officer

BY _____
JACKIE VAZQUEZ, Deputy Clerk

1  Dinesh Perera
   Jennifer McCandless
2  67 Alameda Padra Serra
   Santa Barbara, California 93103
3  805-448-7961

4  Defendants appearing in Special Appearance &
   In Propria Persona

5

6

7            SUPERIOR COURT OF CALIFORNIA
                COUNTY OF SANTA BARBARA
8                 ANACAPA DIVISION

9

10  WELLS FARGO BANK N.A.,                )   Case No.: **1384458**
                                          )
                Plaintiff,                )   **NOTICE OF MOTION AND MOTION TO**
11                                        )   **DISMISS PLAINTIFF'S UNLAWFUL**
         vs.                              )   **DETAINER COMPLAINT FOR FAILURE**
12                                        )   **TO PROSECUTE [C.C.P. 418.10]**
    Jennifer McCandless, Dinesh Perera &  )   HEARING DATE MARCH 8th 9:30 a.m
13                                        )   **Dept: 6**
    Does 1 through 10                     )   **Judge: DeBellefueille**
14                                        )
                Defendants.               )   **UNLAWFUL DETAINER**
15                                        )
                                          )   **(LIMITED CIVIL CASE)**
16  _____ )

17

18       Comes Now, the Defendants, Jennifer McCandless and Dinesh Perera, in "Special

19  Appearance", by and on behalf of themselves, as individuals in the in the exercise of rights,

20  privileges and immunities pursuant to the Constitution of the state of California per Articles 1

21  sections 1 and 8 including but not limited to rights secured by the United States Constitution

    specifically rights of "Due Process" (4th Amendment), including "Equal Protection" (14th
22
    amendment), appear "Specially", not Generally, without making any admissions to Jurisdiction,
23
    hereby petitions this court to Dismiss Plaintiff's Unlawful Detainer Complaint for failure to
24
    prosecute the case. Plaintiff has failed to comply with California law regarding proper service of
25
    the Summons, Complaint and Proof of Service requirements upon Defendants. See California
26
    Code of Civil Procedure § § 416.90 and 415.20.
27

28


**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 1**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on_____8_____, February____ MARCH, 2012, at____9:30____, Before

the Honorable Denise DeBellefueille, in department 6, or as soon as the matter can be heard,

Defendants appearing specially, will move and hereby does move the court To DISMISS the Unlawful

Detainer complaint filed by Plaintiff WELLS FARGO BANK N.A.  This motion will be made

on the grounds that:

**This court lacks jurisdiction to proceed in this matter on the following grounds:**

Defective service of process; the summons is statutorily deficient with no attached

complaint, no proof of service, and was not served as required by California law. See C.C.P. §§

415.90 and 415.20.

Defendants filed their Motion to Quash the Summons and Complaint on grounds that

service of the Summons and Complaint were deficient.  Defendants were never served personally

as required by California Law.  Further Plaintiff never sought Order from the Court to do

substitute service upon Defendants as required by California law. The Court denied Defendants

Motion to Quash. Defendants now file for a complete dismissal of the complaint based upon the

same violations of law because Plaintiff has not cured its defect in service of process. A motion

to quash will lie if process was not served in a statutorily-authorized manner. Schering Corp. v.

Super.Ct. (Ingraham) (1975) 52 Cal. App. 3d 737, 741.

The packet mailed to Defendants has no required proof of service form (POS-010) to

describe who was served and in what manner.  This attempted service by mail upon Defendants

by Plaintiff violates several California laws including but not limited to California Code of Civil

Procedure Sections 415.90, § 415.10 , §415.20, § 1161, and § 1162.

C.C.P. § 415.90 provides in relevant parts:

*A summons may be served on a person not otherwise specified in this article by delivering a copy*

*of the summons and of the complaint to such person or to a person authorized by him to receive*

*service of process.*

A summons may be served by personal delivery of a copy of the summons and of the complaint

to the person to be served. Service of a summons in this manner is deemed complete at the time

of such delivery. The date upon which personal delivery is made shall be entered on or affixed to

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 2

the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective. See *C.C.P. § 415.20.* Plaintiff has blatantly violated these rules of Civil Procedure to commence a lawful action against Defendants.

Service by posting can be done only if authorized by order of the court, after Plaintiff has filed an affidavit or declaration of due diligence and that a cause of action actually exists against the Defendants. This has not been done by Plaintiff. See C.C.P. § 415.40. This case should be dismissed.

(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing. See *C.C.P. § 415.20.*

Code of Civil Procedure 415.20 governs the civil process for the service of summons and complaints in California, and states in relevant part:

**415.20. Service By Leaving Summons and Complaint at Office or Home of Person Being Served, and Mailing Copy to Person Being Served.**

(a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

None of these scenarios apply to Defendants.

(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, **a summons may be served by leaving a copy of the summons and**

**complaint at the person's dwelling house,** usual place of abode, **usual place of business, or usual mailing address** other than a United States Postal Service post office box, **in the presence of a competent member of the household** or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, **at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail,** postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Plaintiff has absolutely failed to adhere to these procedures as well, and as such this action should be dismissed with prejudice.

**CONCLUSION**

Pursuant to the rule of California law and to satisfy the due process and equal protection mechanisms, Defendants hereby request this court dismiss plaintiff's Unlawful Detainer Complaint with prejudice.

Date: February, 2012 ( 16 th )

Respectfully Submitted

Dinesh Perera

Jennifer McCandless

All Rights Reserved

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 4**

PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 27 W. Anapamu # 153 Santa Barbara CA 93101

On 2/16/2012, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S UNLAWFUL DETAINER COMPLAINT** to the following parties:

KENNETH A. FREEMAN (SBN 61174) attorney for Plaintiff WELLS FARGO BANK, N.A.

at the address of 4165 East Thousand Oaks Blvd. Suite 101 Westlake Village, California 91362.

[ ] (By U.S. Mail) I deposited such envelop in the mail at Santa Barbara, California with postage thereon fully prepaid.

[ ] (By Personal Service) I caused such envelop to be delivered by hand via messenger service to the address above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 16, 2012

Received:                                    Feb 21 2012 12:06pm

Case 2:12-cv-02874-ODW-JCG   Document 1-1   Filed 04/02/12   Page 25 of 50   Page ID #:75
02/21/2012 09:02874-805-JCG                          KENNETH FREEDM                          PAGE  02/03

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Kenneth A. Freedman, Esq.    (SBN61174)
4165 E. Thousand Oaks Blvd., Suite 101
Westlake Village, CA 91362

TELEPHONE NO.: 805-777-3822    FAX NO. *(Optional)*: 805-777-3827
E-MAIL ADDRESS *(Optional)*: kaflaw@gmail.com
ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Santa Barbara Courthouse

PLAINTIFF/PETITIONER: Wells Fargo Bank NA

DEFENDANT/RESPONDENT: Jennifer McCandless

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**FEB 2 1 2012**

GARY M. BLAIR, Executive Officer
BY _____ TERRI CHAVEZ, Deputy Clerk

| REQUEST FOR (Application) | ☑ Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☐ Court Judgment | | 1384458 |

**BY FAX**

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: 1/4/2012
   b. by *(name)*: Wells Fargo Bank NA
   c. ☑ Enter default of defendant *(names)*: Jennifer McCandless, Dinesh Perera

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse *(item 5).)*
      (3) ☐ for default previously entered on *(date)*:

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | **TOTALS** . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. Daily damages were demanded in complaint at the rate of: $ 96.66    per day beginning *(date)*: 12/15/2011
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☑ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: 2/21/12

Kenneth A. Freedman          ▶
(TYPE OR PRINT NAME)                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) ☒ Default entered as requested on *(date)*: FEB 2 1 2012 |
|---|---|
| | (2) ☐ Default NOT entered as requested *(state reason)*: GARY M. BLAIR, EXECUTIVE OFFICER |
| | Clerk, by _____ TERRI CHAVEZ , Deputy |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]
**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)
Page 1 of 2
Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

CIV-100

| PLAINTIFF/PETITIONER: Wells Fargo Bank NA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Jennifer McCandless | 1384458 |

4. **Legal document assistant or unlawful detainer assistant** *(Bus. & Prof. Code, § 6400 et seq.)*. A legal document assistant or unlawful detainer assistant ☐ did ☑ did not for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date)*:

5. ☑ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a))*. This action

a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587)*. A copy of this *Request for Entry of Default* was

a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

b. ☑ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

(1) Mailed on *(date)*: 2/21/12
Jennifer McCandless
67 Alameda Padre Serra
Santa Barbara, CA 93103

(2) To *(specify names and addresses shown on the envelopes)*:
Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 2/21/12

BEVERLY ADELMAN
(TYPE OR PRINT NAME)

▶ _____
,SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . $

b. Process server's fees . . . . . . . . . . . . . . . . $

c. Other *(specify)*: . . . . . . . . . . . . . . . . . . . . $

d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $

e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

f. ☐ Costs and disbursements are waived.

g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/21/12

Kenneth A. Freedman
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/21/12

Kenneth A. Freedman
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

Received:

1  | LAW OFFICES OF
   | KENNETH A. FREEDMAN
2  | A PROFESSIONAL LAW CORPORATION
   | Kenneth A. Freedman (State Bar #61174)
3  | 4165 East Thousand Oaks Boulevard
   | Suite 101
4  | WESTLAKE VILLAGE, CALIFORNIA 91362
   | Telephone (805) 777-3822 - Fax (805) 777-3827
5

**FILED**
S**UP**ERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**FEB 2 1 2012**

GARY M. BLAIR, Executive Officer

BY  TERRI CHAVEZ, Deputy Clerk

6  Attorney for Plaintiff, WELLS FARGO BANK NA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF SANTA BARBARA - LIMITED CIVIL

**BY FAX**

11 | WELLS FARGO BANK NA,                    )   CASE NO.  1384458
12 |                    Plaintiff,           )   PLAINTIFF'S OPPOSITION TO
                                             )   MOTION TO DISMISS BROUGHT BY
13 | vs.                                     )   DEFENDANTS; MEMORANDUM OF
                                             )   POINTS AND AUTHORITIES;
14 | JENNIFER MC CANDLESS, DINESH            )   DECLARATION OF KENNETH A.
   | PERERA, and DOES 1 to 10,               )   FREEDMAN; REQUEST FOR
15 |                                         )   MONETARY SANCTIONS IN THE
16 |                    Defendants.          )   AMOUNT OF $1500.000 PURSUANT
   |                                         )   TO CCP SECTION 128.5

17                                              DATE:  March 8, 2012
18                                              TIME:  9:30 A.M.
                                                DEPT:  6
19

20         TO DEFENDANTS JENNIFER McCANDLESS AND DINESH PERERA, IN PRO

21 PER:

22         Plaintiff, WELLS FARGO BANK NA hereby opposes the Motion to Dismiss brought by

23 Defendants JENNIFER McCANDLESS and DINESH PERERA on the grounds set forth below.

24         The hearing on the Motion to Dismiss is presently scheduled to take place on March 8,

25 2012, at 9:30 A.M., in Department 6 of the above-entitled Court, located at 1100 Anacapa St.,

26 Santa Barbara, CA 93101.

27         This opposition will be based upon the grounds that the Complaint filed herein states

28

1    facts sufficient to state cause(s) of action against Defendant and provides sufficient

2    evidence of proper service.  This opposition is further based upon the grounds that this Court has

3    jurisdiction over Defendants, and each of them, and that Plaintiff is a federal savings bank,

4    authorized to do business in the State of California, and as such, having acquired title to the

5    subject property through a foreclosure sale and has the legal capacity to sue.

6    This opposition will further be based upon the grounds that the Motion to Dismiss filed

7    by Defendants is contrary to the Court's Order of February 9, 2012, whereby Defendants were

8    ordered to respond to the complaint by February 17, 2012.

9    Plaintiff will, and hereby does, seek monetary sanctions against Defendants

10   JENNIFER McCANDLESS and DINESH PERERA in the amount of $1500.00 for bringing this

11   frivolous motion under the meaning of Code of Civil Procedure, Section 128.5.

12   This opposition will further be based upon the records and files herein, upon those

13   matters that this Court may take Judicial Notice, the attached memorandum of points and

14   authorities, upon the Declaration of Kenneth A. Freedman and upon such oral and documentary

15   evidence as may be presented at the hearing hereon.

16   Dated: February 21, 2012                    KENNETH A. FREEDMAN
                                                  A Professional Law Corporation
17

18
                                          By:_____
19                                             KENNETH A. FREEDMAN,
                                               Attorney for Plaintiff,
20                                             WELLS FARGO BANK NA

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF CASE

The within action filed by Plaintiff, WELLS FARGO BANK NA, alleges that named Defendants, JENNIFER McCANDLESS and DINESH PERERA, remain in possession of the subject premises located at 67 Alameda Padre Serra, Santa Barbara, CA 93103, after Plaintiff acquired title to the property by means of a Foreclosure Sale on November 7, 2011. The complaint further alleges that Plaintiff's title was perfected on November 17, 2011. Request is made that this Court take Judicial Notice of the Notice of Default and Notice of Trustee's Sale attached to the Complaint as Exhibit 1A and of the Trustee's Deed Upon Sale attached to the Complaint as Exhibit 1B.

The complaint further alleges that the 3/30/60/90 Day Notice to Quit was served on Defendants Jennifer McCandless, Dinesh Perera and Any and All Other Occupants of the subject property on December 11, 2011, and that the period stated in the notice expired on December 15, 2011.

Prior to bringing this Motion to Dismiss, Defendants brought a Motion to Quash, alleging that Defendants were not served with summons and complaint.

On February 9, 2012, a hearing was held on the Motion to Quash and this Court ruled that Defendant Perera was personally served with summons and complaint on January 15, 2012, and that Defendant McCandless was served by substituted service on January 26, 2012.

At the hearing on the Motion to Quash, Defendants were ordered to respond to the complaint by February 17, 2012.

### II.

### DEFENDANTS' CONTENTIONS

Defendants bring this Motion to Dismiss on the exact grounds that Defendants brought the Motion to Quash. The Court has previously ruled on the issues of service set forth by Defendants in the within motion. The Court ruled at the hearing on the Motion to Quash that service of summons and complaint on Defendants was effective. The Court ordered that

3

1  Defendants respond to the complaint by February 17, 2012.

2      Plaintiff requests that this Court take Judicial Notice of the file herein and specifically, of

3  the Court's Order of February 9, 2012.

4  **III.**

5  **SANCTIONS WARRANTED**

6      <u>Code of Civil Procedure</u>, Section 128.5, states in pertinent part as follows:

7      "(a) Every trial court may order a party, the party's attorney, or both to pay any

8      reasonable expenses, including attorney's fees, incurred by another party as a result of

9      bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary

10      delay.  This section also applies to judicial arbitration proceedings under Chapter 2.5

11      (commencing with Section 1141.10) of Title 3 of Part 3.

12      (b) For purposes of this section:

13      (1) "Actions or tactics" include, but are not limited to, the making or opposing

14      of motions or the filing and service of a complaint or cross-complaint only if the

15      actions or tactics arise from a complaint filed, or a proceeding initiated, on or

16      before December 31, 1994.  The mere filing of a complaint without service  thereof on

17      an opposing party does not constitute "actions or tactics" for purposes of this section.

18      **(2) "Frivolous" means (A) totally and completely without merit or (B) for the**

19      **sole purpose of harassing an opposing party**."

20      Party in opposition requests that this Court grant Plaintiff attorney's fees incurred in

21  opposing Defendants' frivolous Motion to Dismiss.

22      Not only is Defendants' Motion to Dismiss frivolous, it is in direct contradiction to the

23  Court's ruling and order of February 9, 2012, that the Defendants were to "respond to the

24  complaint by February 17, 2012."

25      This Motion to Dismiss is brought by Defendants solely to delay these proceedings and to

26  further deprive Plaintiff of its rightful possession of the subject premises.

27      Plaintiff requests that this Court impose monetary sanctions against Defendants, and each

28  of them, pursuant to the Declaration of Kenneth A. Freedman.

4

# IV.

## CONCLUSION

It is respectfully requested that this Court view this Motion to Dismiss herein as no more than mere subterfuge and an effort to obstruct Plaintiff's rightful possession of the subject premises.

It is respectfully requested that this Court deny the Motion to Dismiss brought by Defendants.

Dated:  February 21, 2012

KENNETH A. FREEDMAN
A Professional Law Corp.

By:_____
KENNETH A. FREEDMAN,
Attorney for Plaintiff,
WELLS FARGO BANK NA

F:\DOCUMENTS\W\WELLS.MC\OPP MOTION DISMISS

## DECLARATION OF KENNETH A. FREEDMAN

I, KENNETH A. FREEDMAN, declare:

1. I am an attorney duly licensed to practice law before all Courts in the State of California and am counsel of record for Plaintiff Wells Fargo Bank NA.

2. The matters stated herein are of my personal knowledge, except for those matters stated on information and belief. If called, I could and would so competently testify.

3. The within action filed by Plaintiff, WELLS FARGO BANK NA, alleges that named Defendants, JENNIFER McCANDLESS and DINESH PERERA, remain in possession of the subject premises located at 67 Alameda Padre Serra, Santa Barbara, CA 93103, after Plaintiff acquired title to the property by means of a Foreclosure Sale on November 7, 2011. The complaint further alleges that Plaintiff's title was perfected on November 17, 2011. Request is made that this Court take Judicial Notice of the Notice of Default and Notice of Trustee's Sale attached to the Complaint as Exhibit 1A and of the Trustee's Deed Upon Sale attached to the Complaint as Exhibit 1B.

4. The complaint further alleges that the 3/30/60/90 Day Notice to Quit was served on Defendants Jennifer McCandless, Dinesh Perera and Any and All Other Occupants of the subject property on December 11, 2011; and that the period stated in the notice expired on December 15, 2011.

5. Prior to bringing this Motion to Dismiss, Defendants brought a Motion to Quash, alleging that Defendants were not served with summons and complaint.

6. On February 9, 2012, a hearing was held on the Motion to Quash and this Court ruled that Defendant Perera was personally served with summons and complaint on January 15, 2012, and that Defendant McCandless was served by substituted service on January 26, 2012.

7. At the hearing on the Motion to Quash, Defendants were ordered to respond to the complaint by February 17, 2012.

8. Plaintiff requests that this Court take Judicial Notice of the file herein and specifically, of the Court's Order of February 9, 2012.

9. It is respectfully requested that Defendants' Motion to Dismiss be viewed as no more

6

than mere subterfuge and a ploy to delay Plaintiff's rightful possession to the subject premises.

10. Declarant requests that this Court take into consideration the totality of events herein in ruling on Defendants' frivolous Motion to Dismiss.

11. Declarant's hourly rate is $300.00. In preparing this opposition, Declarant expended 2 hours in preparing the opposition. Declarant expects to expend another 3 hours at the hearing on the motion. In all, Declarant will bill Plaintiff for 5 hours, totaling $1500.00, in opposing Defendant's frivolous Motion to Dismiss.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of February, 2012, at Westlake Village, California.

_____
KENNETH A. FREEDMAN

F:\DOCUMENTS\W\WELLS.MC\OPP MOTION DISMISS
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BROUGHT BY DEFENDANTS, ETC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I, Beverly Adelman, am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 4165 East Thousand Oaks Boulevard, Suite 101, Westlake Village, California 91362.

On February 21, 2012, I served the foregoing document(s) described as

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BROUGHT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KENNETH A. FREEDMAN

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

Jennifer McCandless
67 Alameda Padre Serra
Santa Barbara, CA 93103

[X] BY MAIL, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY FACSIMILE TRANSMISSION.

[ ] BY MESSENGER, via hand delivery to the office of the addressee.

[ ] BY FEDERAL EXPRESS - I caused each such envelope to be deposited into a designated Federal Express dropbox for pick up on the date of execution of this declaration and delivery on the following business morning.

Executed on February 21, 2012, at Westlake Village, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
BEVERLY ADELMAN
Declarant

8

CIV-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
KENNETH A. FREEDMAN, ESQ. (SBN 61174)
4165 E. THOUSAND OAKS BLVD., SUITE 101
WESTLAKE VILLAGE, CA 91362

TELEPHONE NO.: 805-777-3822   FAX NO. *(Optional):* 805-777-3827
E-MAIL ADDRESS *(Optional):* kaflaw@gmail.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

FEB 27 2012

GARY M. BLAIR, Executive Officer
BY _Penny Wooff_
PENNY WOOFF, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS: Santa Barbara, CA 93101
CITY AND ZIP CODE: Anacapa Division
BRANCH NAME:

**PLAINTIFF/PETITIONER:** Wells Fargo Bank NA

**DEFENDANT/RESPONDENT:** McCandless

| **REQUEST FOR** (Application) | ☐ Entry of Default  ☑ Clerk's Judgment ☐ Court Judgment | CASE NUMBER: 1384458 |
| --- | --- | --- |

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on *(date):* 1/4/12
   b. by *(name):* Wells Fargo Bank NA
   c. ☐ Enter default of defendant *(names):* Jennifer McCandless, Dinesh Perera, Any Other Occupants

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☑ Enter clerk's judgment
      (1) ☑ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      ☑ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☑ for default previously entered on *(date):* 1/31/12 as to occupants; 2/21/12 as to McCandless, Perera

2. **Judgment to be entered.** | Amount | Credits acknowledged | Balance |
   | --- | --- | --- | --- |
   | a. Demand of complaint . . . . . . . . . . . . | $ | $ | $ |
   | b. Statement of damages * | | | |
   | (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
   | (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
   | c. Interest . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
   | d. Costs *(see reverse)* . . . . . . . . . . . . | $ | $ | $ |
   | e. Attorney fees . . . . . . . . . . . . . . . | $ | $ | $ |
   | f. **TOTALS** . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ 96.66   per day beginning *(date):* 12/15/11
   (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. ☑ *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: 2/24/2012
KENNETH A. FREEDMAN
(TYPE OR PRINT NAME)                          ► _____
                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) ☐ Default entered as requested on *(date):* ____ (2) ☐ Default NOT entered as requested *(state reason):* ____ Clerk, by _____, Deputy |
| --- | --- |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Code of Civil Procedure,
§§ 585–587, 1169
www.courtinfo.ca.gov

**CIV-100**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Wells Fargo Bank NA | CASE NUMBER: |
| DEFENDANT/RESPONDENT: McCandless | 1384458 |

**4. Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☑ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

**5. ☑ Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

**6. Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was

a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

(1) Mailed on *(date)*: 2/24/12
Jennifer McCandless
67 Alameda Padre Serra
Santa Barbara, CA 93101

(2) To *(specify names and addresses shown on the envelopes)*:
Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 2/24/12

BEVERLY ADELMAN
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

**7. Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
b. Process server's fees . . . . . . . . . . . . . . . . $
c. Other *(specify)*: . . . . . . . . . . . . . . . . . . . $
d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
f. ☐ Costs and disbursements are waived.

g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/24/12

KENNETH A. FREEDMAN
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

**8. ☑ Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/24/12

KENNETH A. FREEDMAN
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

EJ-130

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*
KENNETH A. FREEDMAN, ESQ. (SBN 61174)
4165 E. THOUSAND OAKS BLVD., SUITE 101
WESTLAKE VILLAGE, CA 91362

TELEPHONE NO.: 805-777-3822    FAX NO.: 805-777-3827
E-MAIL ADDRESS: kaflaw@gmail.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

[✓] ATTORNEY FOR   [✓] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS: Santa Barbara, CA 93101
CITY AND ZIP CODE: Anacapa Division
BRANCH NAME:

PLAINTIFF: Wells Fargo Bank NA

DEFENDANT: McCandless, et al.

| | | | |
|---|---|---|---|
| **WRIT OF** | [ ] EXECUTION (Money Judgment) | | CASE NUMBER: |
| | [✓] POSSESSION OF  [ ] Personal Property | | 1384458 |
| | [✓] Real Property | | |
| | [ ] SALE | [✓] Limited Civil Case   [ ] Small Claims Case | |
| | | [ ] Unlimited Civil Case   [ ] Other___ | |

1. **To the Sheriff or Marshal of the County of:** Santa Barbara
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* Wells Fargo Bank NA
   is the [✓] judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*
   
   Jennifer McCandless
   67 Alameda Padre Serra
   Santa Barbara, CA 93103

   [✓] Additional judgment debtors on next page

5. **Judgment entered on** *(date):* FEB 27 2012

6. [ ] **Judgment renewed on** *(dates):*

7. **Notice of sale** under this writ
   a. [✓] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

[SEAL]

9. [✓] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . $
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . $
13. Subtotal *(add 11 and 12)* . . . . . . . . . $
14. Credits . . . . . . . . . . . . . . . . . . . . . $
15. Subtotal *(subtract 14 from 13)* . . . . . . $
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) . . $
17. Fee for issuance of writ . . . . . . . . . . . $ 25.00
18. **Total** *(add 15, 16, and 17)* . . . . . . . . $ 25.00
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of . . . . . . $
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

GARY M. BLAIR, EXECUTIVE OFFICER

Issued on *(date):* FEB 27 2012   Clerk, by _Penny Woof_ , Deputy
PENNY WOOF

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

**WRIT OF EXECUTION**

Page 1 of 2

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

| | |
|---|---|
| PLAINTIFF: Wells Fargo Bank NA | EJ-130 |
| DEFENDANT: McCandless, et al. | CASE NUMBER: 1384458 |

— Items continued from page 1—

21. ☑ **Additional judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

22. ☐ **Notice of sale** has been requested by *(name and address):*

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)
   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize):*

24. ☑ *(Writ of Possession* or *Writ of Sale)* **Judgment** was entered for the following:
   a. ☑ Possession of real property: The complaint was filed on *(date):* 1/4/12
      **(Check (1) or (2)):**
      (1) ☑ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
          The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
          (a) $ was the daily rental value on the date the complaint was filed.
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*
   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:
      67 Alameda Padre Serra, Santa Barbara, CA 93103

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

UD-110 (PW)

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
KENNETH A. FREEDMAN, ESQ. (SBN 61174)
4165 E. THOUSAND OAKS BLVD., SUITE 101
WESTLAKE VILLAGE, CA 91362
TELEPHONE NO.: 805-777-3822   FAX NO. (Optional): 805-777-3827
E-MAIL ADDRESS (Optional): kaflaw@gmail.com
ATTORNEY FOR (Name): Plaintiff

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

FEB 27 2012

GARY M. BLAIR, Executive Officer

BY _Penny Wooff_ PW
PENNY WOOFF, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Barbara
STREET ADDRESS: 1100 Anacapa St.
MAILING ADDRESS: Santa Barbara, CA 93101
CITY AND ZIP CODE: Anacapa Division
BRANCH NAME:

PLAINTIFF: Wells Fargo Bank NA

DEFENDANT: McCandless, et al.

| JUDGMENT—UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|
| ☑ By Clerk   ☑ By Default   ☐ After Court Trial | 1384458 |
| ☐ By Court   ☑ Possession Only   ☐ Defendant Did Not Appear at Trial | |

**JUDGMENT**

DENISE de BELLEFEUILLE

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
       (1) ☐ plaintiff's testimony and other evidence.
       (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
       before (name of judicial officer):
   b. Appearances by:
       ☐ Plaintiff (name each):          ☐ Plaintiff's attorney (name each):
                                             (1)
                                             (2)
       ☐ Continued on Attachment 2b (form MC-025).
       ☐ Defendant (name each):          ☐ Defendant's attorney (name each):
                                             (1)
                                             (2)
       ☐ Continued on Attachment 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)   ☐ was not   ☐ was   requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]

JUDGMENT—UNLAWFUL DETAINER

Code of Civil Procedure, §§ 415.46,
585(d), 664.6, 1169

| PLAINTIFF: Wells Fargo Bank NA | CASE NUMBER: |
|---|---|
| DEFENDANT: McCandless, et al. | 1384458 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**  ☐ THE COURT   ☑ THE CLERK

3. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each)*: Wells Fargo Bank NA

   and against defendant *(name each)*: Jennifer McCandless, Dinesh Perera

   ☐ Continued on *Attachment* 3a (form MC-025).
   b. ☐ for defendant *(name each)*:

4. ☑ Plaintiff  ☐ Defendant  is entitled to possession of the premises located at  *(street address, apartment, city, and county)*:
   67 Alameda Padre Serra, Santa Barbara, CA 93103, Santa Barbara County

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ.
   Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
   ☐ Defendant named in item 3b is to recover costs: $
   ☐ and attorney fees: $

   | | | |
   |---|---|---|
   | (1) ☐ Past-due rent | $ | |
   | (2) ☐ Holdover damages | $ | |
   | (3) ☐ Attorney fees | $ | |
   | (4) ☐ Costs | $ | |
   | (5) ☐ Other *(specify)*: | $ | |
   | (6) **TOTAL JUDGMENT** | $ | |

   c. ☐ The rental agreement is canceled.   ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in
   *Judgment—Unlawful Detainer Attachment* (form UD-110S), which is attached.

8. ☐ **Other** *(specify)*:

   ☐ Continued on *Attachment* 8 (form MC-025).

Date:                                           ☐

   GARY M. BLAIR, EXECUTIVE OFFICER

Date: FEB 2 7 2012          ☑ Clerk, by _Penny Wooff_____ , Deputy
                                                 PENNY WOOFF

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____ , Deputy |

MC-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

DINESH S. PERERA
67 ALAMEDA PADRE SERRA
SANTA BARBARA CA 93103

TELEPHONE NO.: 805-448-7961   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Pro Per

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 0 9 2012

GARY M. BLAIR, Executive Officer
BY _____
JACKIE VAZQUEZ, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1100 ANACAPA ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA BARBARA CA 93101
BRANCH NAME: ANACAPA DIVISION

PLAINTIFF/PETITIONER: WELLS FARGO BANK N.A.

DEFENDANT/RESPONDENT: JENNIFER McCANDLESS, DINESH PERERA

**DECLARATION**

CASE NUMBER: 1384458

ON MARCH 8, 2012 at 3:50 P.M. I CALLED THE OFFICE OF THE ATTORNEY FOR PLAINTIFF DESCRIBED BELOW. I ASKED TO SPEAK TO HIM BUT WAS TOLD THAT HE WAS NOT AVAILABLE. I INDICATED THAT MY CALL WAS TO INFORM HIM THAT I HAD AN EXPARTE APPLICATION FOR STAY OF ENFORCEMENT OF JUDGEMENT AND EVICTION, MEMORANDUM OF POINTS AND AUTHORITIES. CASE NO. 1384458.

AT WHICH TIME THE SECRETARY REQUESTED I PROVIDE DETAILS I INFORMED HER THAT THE HEARING IS SCHEDULED FOR MARCH 12, 2012, at 8:45 a.m. IN DEPT. 6.
ATTORNEY FOR PLAINTIFF: KENNETH A. FREEDMAN ESQ.
4165 EAST THOUSAND OAKS BLVD. SUITE 101. WESTLAKE VILLAGE CA 91362

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3-8-2012

DINESH S. PERERA
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☑ Defendant
☐ Respondent   ☐ Other (Specify):

Jennifer McCandless,
Dinesh Perera
67 Alameda Padra Serra
Santa Barbara, California 93103
805-448-7961

Defendants in Propria Persona

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 1 2 2012

GARY M. BLAIR, Executive Officer
BY _____
TERRI CHAVEZ, Deputy Clerk

DE
F
NDX
V
CA
FIN
J
PTY
ATT
COD
ST

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA BARBARA, ANACAPA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.**<br>**Plaintiff,**<br><br>V.<br><br>**Jennifer McCandless and Dinesh Perera**<br>**and DOES 1 through 10, inclusive,**<br><br>**Defendants** | **CASE NO: 1384458**<br><br>**EX PARTE APPLICATION FOR STAY**<br>**OF ENFORCEMENT OF JUDGMENT,**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES, DECLARATION OF and**<br>**Jennifer McCandless and Dinesh Perera**<br><br>**Date: March 12, 2012**<br>**Time: 8:45 am**<br>**Dept: 6**<br>**Limited Civil** |

    **NOTICE IS HEREBY GIVEN** that on March 12, 2012, at 8:45 a.m. in Department 6 of

the Superior Court of California, County of Santa Barbara located at 1100 Anacapa Street

Santa Barbara, California 93101, Defendants Jennifer McCandless and Dinesh Perera will

move the above-entitled court for an Order staying enforcement of the Judgment (Writ of

Execution and Possession).

    Good cause exists for making the application for two reasons, **(1)** Defendants had filed a

timely and meritorious Motion To Quash the service of Summons and Complaint to Plaintiff's

1

---

EX PARTE APPLICATION FOR STAY OF ENFORCEMENT OF JUDGMENT,
MEMORANDUM OF POINTS AND AUTHORITIES

complaint, challenging the legality of this Court's jurisdiction over the Defendants. Plaintiff has not complied with California law regarding the proper service of Summons upon Defendants invoking this Court's jurisdiction. Plaintiff has not complied with California Code of Civil Procedure Sections 415.10, 415.20 and 415.45.  In addition, Plaintiff has failed to attach the required Proof of Service form POS-010 as required by law. The proof of service document on file indicates "personal" service of the summons and complaint upon Defendant Dinesh Perera. This was not possible due to the fact the neither Defendant was home on the alleged day of service.  The declaration of the servicer is an obvious fraud upon the court invoking the crime of false swearing under penalty of perjury.

   (2) The Ex Parte Application will be based upon this Application, the Memorandum of Points and Authorities, the Certification of Notice of Ex Parte Application, the Declaration of Jennifer McCandless and Dinesh Perera and other further oral and documentary evidence to be adduced at the hearing of this Application.

Dated: March___8___, 2012

                                        By _____

                                        **Jennifer McCandless and Dinesh Perera**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants seeks a stay of enforcement of the Clerk's judgment, the Writ of Execution and Eviction taking against them on February 24, 2012 pending the final adjudication of this Writ of Mandate and/or appeal. Unlawful detainer actions are quickly resolved, with little consideration given to whether the Plaintiff is actually the lawful owner of a given property.

This however is a different day … and these are different times. In California alone, approximately 20,000 homes have been foreclosed each month in the last six months and owners have been evicted, again, with little or no consideration of whether the title claimed by the Plaintiff has any legal validity.

Defendants have filed a Quite Title action to set aside the foreclosure of his home based on fraud in the execution of his loan referenced as case number *1374299, Jennifer McCandless and Dinesh Perera v. WELLS FARGO BANK, N.A.* Filed in April 2011. Additionally, other defenses exist having to do with the assignment and non-judicial foreclosure procedure. Traditionally, there is a tension following a non-judicial foreclosure which exists between the needs of Plaintiffs to perfect their possession of the property and the Defendant owners who are denied due process in a summary proceeding in which evidence is not taken on the issue of the validity of title and upon evidence that an actual sale of the property ever really occurred.

Defendant believes that Plaintiff will not be prejudiced by the delay in possession of yet another property in its ever growing non-performing portfolio. More particularly, in as much as Defendant is prepared submit to sureties pending resolution of the appeal and civil action.

3

# DECLARATION OF

## Jennifer McCandless and Dinesh Perera

1. This declaration is written by the hand of Jennifer McCandless and Dinesh Perera.

2. This declaration is submitted under the pains of penalty of perjury under the laws of the United States of America and under the laws of the State of California.

3. This declaration is offered as testament to the truth of the matters stated herein.

4. This declaration shall stand as admissible evidence of all matters as presented herein.

5. I/We, Jennifer McCandless and Dinesh Perera, as your affiants, hereby deposes and declares under the pains and penalties of perjury under the laws of the State of California and of these united States of America as follows:

6. I/We are over the age of 18 years and is competent to testify in any court of competent jurisdiction; and at all times relevant were residents of the State of California, and the County of Santa Barbara.

7. I/We have personal knowledge of the following facts as prescribed in this affidavit.

On or about January 4, 2011, an unlawful complaint was filed by Plaintiff WELLS FARGO BANK, N.A. Defendants have yet to be <u>personally</u> served lawfully the summons and complaint as required by California law. Defendants on January 15, 2012 filed a Motion to Quash the Summons and Complaint for lack of personal service along with a Notice To The Court of Fraud Upon The Court by opposing counsel regarding the actual service of the summons and complaint. Then Minute Order indicates that Plaintiff filed a declaration of due diligence on January 18, 2012. See the Clerk's Minute Order incorporated herein by reference and attached hereto as *Exhibit "A"*. It should be noted that a declaration of due diligence in and of itself does not comply with the proper service of a summons and complaint in an Unlawful Detainer Action when proper personal service of a defendant cannot be accomplished. Plaintiff was required to seek order from the court to effectuate service of the Summon and Complaint by Substitute Service pursuant to C.C.P. 415.20. Instead, Plaintiff sought a Notice of Default and a Clerk's Default Judgment for Writ of Possession. Defendants only discovered that the hearing to be heard on their Motion to Dismiss for March 8, 2012 had been taken off calendar when they

4

visited the Clerk of court to inquire whether a Judge's Signature accompanied any Order for Writ of Possession.  Plaintiff did not give Notice to Defendants of the Clerk's Ruling.  Due to the neglect or deficient Judgment from the clerk, Defendants have not had a fair amount of time to seek relief from this judgment. There are serious constitutional defects within these proceedings that have adversely affected the due process and equal protection of rights guaranteed to Defendants. Defendants are now seeking an emergency stay of the eviction pending the Writ of Mandate and/or appeal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March ___, 2012

Respectfully Submitted,

Jennifer McCandless and Dinesh Perera

## II.

## A STRONG FACTUAL SHOWING SUPPORTS THE CONCLUSION
## THAT DEFENDANT WILL PREVAIL AS THE PLAINTIFF IN HIS
## CIVIL ACTION AND SET THE FORECLOSURE ASIDE.

A strong factual showing supports the conclusion that Defendants will prevail as the Plaintiff in his civil action to set aside the foreclosure, either based upon fraud in the execution of the loan, or that there was a lack of consideration due to a failure to have a meeting of the minds. In either event, the court may rest its discretion on the sworn Declaration of Defendant in granting a stay.

5

foreclosure would be unfounded. Also, Defendant believes that the alleged beneficiary under the note during the non-judicial foreclosure, was not a holder in due course and had no actual secured interest in the Defendant's property.

## III.

## A PROCEDURAL MECHANISM EXISTS TO STAY EXECUTION
## OF JUDGMENT PENDING AN APPEAL OR WRIT OF MANDATE.

A procedural mechanism exists to stay execution of a judgment pending appeal pursuant to California Code of Civil Procedure section 918.5 which provides as follows:

§ 918.5.

(a) The trial court may, in its discretion, stay the enforcement of a judgment or order if the judgment debtor has another action pending on a disputed claim against the judgment creditor.

(b) In exercising its discretion under this section, the court shall consider all of the following:

(1) The likelihood of the judgment debtor prevailing in the other action.

(2) The amount of the judgment of the judgment creditor as compared to the amount of the probable recovery of the judgment debtor in the action on the disputed claim.

(3) The financial ability of the judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim.

Thus, the court may exercise its learned discretion whether to stay this action, In the matter of *Asuncion vs. Superior Court*, (1981) 108 Cal.App.3d 141, 146, 166 Cal.Rptr. 306, the Fourth District Court of Appeal held in pertinent part, "A possibility, which we understand is frequently utilized in other counties, is for the superior court to stay the eviction proceedings

7

until trial of the fraud action, based on the authority of Code of Civil Procedure section 526 which permits a preliminary injunction to preserve the status quo on such grounds as irreparable injury, multiplicity of legal actions, or unconscionable relative hardship. (See, e. g., *Continental Baking Co. v. Katz,* 68 Cal.2d 512, 528, 67 Cal.Rptr. 761 and see gen. discussion of subject in 2 *Witkin, Cal. Procedure* (2d ed. 1970) *Provisional Remedies,* § 47, p. 1496; § 73, pp. 1511-1512.)  Bond would be required to obtain such an injunction (Code Civ.Proc., § 529), which could be waived for an indigent litigant. *Conover v. Hall,* 11 Cal.3d 842, 851, 853, 114 Cal.Rptr. 642. It has been held where foreclosure of a trust deed would moot a claim of right under a deed, and the deed is attacked as a fraudulent conveyance, a preliminary injunction is permitted to prevent foreclosure pending trial. *Weingand v. Atlantic Savings & Loan Assn.,* (1970) 1 Cal.3d 806, 83 Cal.Rptr. 650. Staying the eviction here is analogous."

In *Gonzales v. Gem Properties, Inc.,* (1974) 37 Cal.App.3d 1029, 1036, 112 Cal.Rptr. 884, 889, the Second Appellate District pointed out, "The summary nature of unlawful detainer proceedings suggests that, as a practical matter, the likelihood of the defendant's being prepared to litigate the factual issues involved in a fraudulent scheme to deprive him of his property, no matter how diligent defendant is, is not great." Normally, the unlawful detainer action may encompass only a "narrow and sharply focused examination of title" directed at the formal validity of the trustee sale *Vella v. Hudgins,* (1977) 20 Cal.3d 251, 255, 142 Cal.Rptr. 414, 416.

Here, Plaintiff has not produced any relevant admissible evidence that Plaintiff or its agent is a bonified purchaser of Defendant's property and as such, there is no presumption that the trustee's deed after sale is valid.

Thus, it would appear that sufficient facts exist of the fraud committed in the execution of Defendant's loan which would support a stay pending the trial and or appeal. Here Defendants requested a trial by jury and it was not granted.

EX PARTE APPLICATION FOR STAY OF ENFORCEMENT OF JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES

## IV.

## PLAINTIFF WILL SUFFER NO PREJUDICE BY THE
## ISSUANCE OF A STAY PENDING RESOLUTION
## OF THE CIVIL ACTION.

Plaintiff will suffer no prejudice by the issuance of a stay of eviction pending resolution of the Writ of Mandate and/or appeal.

In the event that the stay is not issued, the property will be lost forever, and cannot be easily replaced. On the other hand, the subject property will only sit in the non-performing portfolio waiting to be sold in a market in which homes are not selling at any price, even if, the lenders were able to make loans on the property. Thus, in a practical sense, if the stay is granted, Defendants will at least have the benefit of maintaining their residence and not being displaced during civil action and appeal.

## CONCLUSION

For all pleadings filed in this matter, the Declaration of Defendant, the Memorandum of Points and Authorities, Defendants Jennifer McCandless and Dinesh Perera respectfully requests that the court grant a stay of eviction pending resolution of the Writ of Mandate, civil action (Quite Title) pending by Plaintiff against the Defendant in that action.

Dated: March 8, 2012

By _____

Jennifer McCandless and Dinesh Perera

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

10