# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

   I am over the age of 18 and not a party to this action. My address is: 27 West Anapamu Street No. 153 Santa Barbara, California 93101, which is located in the county where the mailing described, took place.

   On March 8, 2012, I served the foregoing document(s) described as: **EX PARTE APPLICATION FOR STAY OF ENFORCEMENT OF JUDGMENT AND EVICTION, MEMORANDUM OF POINTS AND AUTHORITIES** Addressed to:

*Attorney for Plaintiff:*

4165 East Thousand Oaks Boulevard Suite 101, West Lake Village, CA  91362

Kenneth A. Freeman, Esq.

I personally mailed the foregoing documents to the addressee above. Executed on March 8, 2012, in Santa Barbara, California.


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


Travis Middleton

EX PARTE APPLICATION FOR STAY OF ENFORCEMENT OF JUDGMENT,
MEMORANDUM OF POINTS AND AUTHORITIES

## ORDER

Good cause appearing:

**IT IS ORDERED** that there shall be no further action taken by Plaintiff or by anyone acting for or with Plaintiff, including the Sheriff of Santa Barbara County, to enforce or execute the judgment (the Writ of Possession and Eviction) hereto before entered against Defendants in the above-entitled action until _____.

A copy of this Order shall be served on Plaintiff or Plaintiff's attorney by 5:00 P.M. on

_____, _____, 2012.

Dated : March_____, 2012

_____

JUDGE:

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA BARBARA

```
                                                    F  _____
                                                    Doc   X
                                                    Stat _____
                                                    CA  _____
                                                    AC  _____
                                                    Conf _____
                                                    Notice _____
```

| | | | |
|---|---|---|---|
| Dated and Entered: | 03-16-12 | Time: | 9:00 am |
| Honorable: | Denise de Bellefeuille | | |
| Deputy Clerk: | Temple, Kristi | Dept: | SB6 |
| Deputy Sheriff: | Clark, Ron | | |
| Court Reporter: | E.R. | Case No: | 1384458 |

**Wells Fargo Bank NA vs Jennifer McCandless et al**

Present:   ☒ P-Atty: Kenneth Freedman        ☐ via Court Call
          ☒ Defendant: Jennifer McCandless    ☐ via Court Call
          ☒ Defendant: Dinesh Perera          ☐ via Court Call

**NATURE OF PROCEEDINGS:   Hearing: Evidentiary re Motion to Quash**

The matter proceeded at 9:09 a.m. with appearances as stated above.

**Sonny Haendiges** was sworn and examined on behalf of the Plaintiff.

**Dinesh Perera** was sworn and examined on his own behalf.

**Thomas Tarleton** was sworn and examined on behalf of the Defendant.

Counsel for the Plaintiff gave closing argument.

The Defendant gave closing argument.

The Court granted the motion to quash.

Counsel for the Plaintiff then personally served the Defendants in court. The Court informed them that they must answer by March 21, 2012 or default will be reentered.

At 9:30 a.m. the matter adjourned.

GARY M. BLAIR, EXECUTIVE OFFICER                    by: _____, Deputy

SC-2411 (Revised February 15, 2007)        **MINUTE ORDER**

**CD-170**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jennifer McCandless & Dinesh Perera
67 Alameda Padra Serra
Santa Barbara, California 93103

TELEPHONE NO.: 805-448-7961    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendants in Propria Persona

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 1 2 2012

GARY M. BLAIR, Executive Officer
BY *Kristi Temple*
KRISTI TEMPLE, Deputy Clerk

DE
F
NDX
V
CA
FIN
J
PTY
ATT
COD
ST

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA BARBARA**
STREET ADDRESS: 1100 ANACAPA STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA BARBARA, CALIFORNIA 93101
BRANCH NAME: ANACAPA DIVISION

PLAINTIFF: WELLS FARGO BANK, N.A.

DEFENDANT: Jennifer McCandless & Dinesh Perera

| ORDER FOR RELEASE AND REDELIVERY OF PROPERTY | CASE NUMBER: 1384458 |
|---|---|

1. The application of defendant* *(name):* Jennifer McCandless & Dinesh Perera
   for an order to quash the ex parte writ of possession came on for hearing as follows *(check boxes in 1c and 1d to indicate personal presence at the hearing):*
   a. Judicial officer *(name):* *Is set for hearing 3/16/12 @ 9 am for evidentiary hearing on defendants' motion to quash. The*
   b. Hearing date: 3/16/12   Time: 9 am   ☐ Dept.: 6   ☐ Rm.: *process server Sonny Harndiges shall appear to give testimony*
   c. ☑ Plaintiff *(name):* WELLS FARGO BANK, N.A.   ☐ Attorney *(name):*
   d. ☑ Defendant *(name):* Jennifer McCandless & Dinesh Perera   ☐ Attorney *(name):* In Propria Persona

2. **The court finds**
   a. The plaintiff* has been properly served as required by Code of Civil Procedure section 512.020.
   b. The plaintiff is not entitled to the ex parte writ of possession issued on *(date):* February 24, 2012
   c. ☑ The defendant named in item 1 has suffered damages, proximately caused by the levy of the ex parte writ of possession and the loss of possession of the property under such levy, in the amount of: $ Right of possession

3. **IT IS ORDERED**
   a. The ex parte writ of possession issued on *(date):* February 24. 2012 is quashed. *stayed pending hearing*
   b. ☑ Plaintiff *(name):* WELLS FARGO BANK, N.A.
      is ordered to deliver immediately the personal property described in the ex parte writ of possession to the defendant named in item 1 or designee *(name):* Jennifer McCandless & Dinesh Perera
   c. ☑ The levying officer is directed to remove any keeper placed in charge of the property and immediately deliver the personal property levied on under the ex parte writ of possession to the defendant named in item 1 or to the defendant's designee *(name):* Jennifer McCandless & Dinesh Perera
   d. ☑ Defendant *(name):* Jennifer McCandless & Dinesh Perera
      is awarded damages against the plaintiff named in item 3b in the amount of: $ Possession of property

   *The clerk's default judgment entered 2/21/12 is set aside.*

Date: 3/12/12

*Denise de Bellefeuille*
(JUDICIAL OFFICER)
DENISE de BELLEFEUILLE

* "Plaintiff" includes cross-complainant, and "defendant" includes cross-defendant.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-170 [Rev. January 1, 2006]

**ORDER FOR RELEASE AND REDELIVERY OF PROPERTY
(Claim and Delivery)**

Code Civ. Proc., § 512.020
www.courtinfo.ca.gov

CD-160

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jennifer McCandless & Dinesh Perera<br>67 Alameda Padra Serra<br>Santa Barbara, California 93103<br><br>TELEPHONE NO.: 805-448-7961  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendants in Propria Persona | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br><br>MAR 1 2 2012<br><br>GARY M. BLAIR, Executive Officer<br>BY _Terri Chavez_<br>TERRI CHAVEZ, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA BARBARA
STREET ADDRESS: 1100 ANACAPA STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA BARBARA, CALIFORNIA 93101
BRANCH NAME: ANACAPA DIVISION

PLAINTIFF: WELLS FARGO BANK, N.A.

DEFENDANT: Jennifer McCandless & Dinesh Perera

| APPLICATION AND NOTICE OF APPLICATION AND<br>HEARING FOR ORDER TO QUASH EX PARTE WRIT OF POSSESSION | CASE NUMBER:<br>1384458 |
|---|---|

TO PLAINTIFF* *(name):* WELLS FARGO BANK, N.A.

1. **You are notified** that defendant *(name):* Jennifer McCandless & Dinesh Perera
   applies for *(check all that apply):*

   a. [✓] An order to quash the ex parte writ of possession issued on *(date):* February 24, 2012   and an order releasing
      any levied property.

   b. [✓] Damages sustained by the defendant proximately caused by the levy of the writ of possession and the loss of
      possession of the property caused by the levy under Code of Civil Procedure section 512.020(b)(3)(iii).

   c. [✓] An order staying delivery of the property pending the court hearing.

2. A hearing will be held in this court, as follows:

   a. Date: 3-12-12   Time: 8:45 am  [X] Dept.: 6   [ ] Rm.:

   b. Address of court: [✓] same as noted above   [ ] is *(specify):*

3. This application is made on the ground that the plaintiff is not entitled to a writ of possession. This application is supported by the
   [ ] verified answer  [✓] attached declaration or declarations   and attached memorandum of points and authorities.

4. Number of pages attached: _____

Dated: March 7, 2012

Jennifer McCandless & Dinesh Perera
_____
(TYPE OR PRINT NAME OF DEFENDANT OR ATTORNEY)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

* "Plaintiff" includes cross-complainant, and "defendant" includes cross-defendant.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-160 [Rev. January 1, 2006]

**APPLICATION AND NOTICE OF APPLICATION AND HEARING FOR
ORDER TO QUASH EX PARTE WRIT OF POSSESSION
(Claim and Delivery)**

Code Civ. Proc., §§ 512.020, 512.050
www.courtinfo.ca.gov

1  Dinesh Perera
   Jennifer McCandless
2  67 Alameda Padra Serra
   Santa Barbara, California 93103
3  805-448-7961

4  Defendants appearing In Propria Persona

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

**MAR 2 1 2012**

GARY M. BLAIR, Executive Officer
BY_____Penny Wooff  pw
PENNY WOOFF, Deputy Clerk

5

6                SUPERIOR COURT OF CALIFORNIA
                 COUNTY OF SANTA BARBARA
7                   ANACAPA DIVISION

8

9  WELLS FARGO BANK N.A.,                )  Case No.: **1384458**
                                         )
10              Plaintiff,               )  **NOTICE OF MOTION AND MOTION IN**
                                         )  **LIMINE TO EXCLUDE ALL EVIDENCE**
11      vs.                              )
                                         )  **C.C.P. § 430.10(b)**
12  Jennifer McCandless, Dinesh Perera & )  **DATE: March 29, 2012**
                                         )  **TIME: 9:30 am**
13  Does 1 through 10                    )  **Dept: 6**
                                         )  **Judge: DeBellefueille**
14              Defendants.              )
                                         )  **UNLAWFUL DETAINER**
15                                       )
                                         )  **LIMITED CIVIL CASE**
16

17      Comes Now, the Defendants, Jennifer McCandless and Dinesh Perera, by and on behalf of

18  themselves, to move and does move the court by a Motion In Limine, for an Order to exclude

19  from trial all evidence Proffered by Plaintiff WELLS FARGO BANK N.A.,

20  pursuant to *Code of Civil Procedure 430.10(b)*.

21      TO ALL PARTIES AND COUNSEL OF RECORD:

22  PLEASE TAKE NOTICE that on 29, March, 2012, at 9:30, Before the Honorable Denise

23  DeBellefueille, in department 6, or as soon as the matter can be heard, Defendants will move and

24  hereby does move the court pursuant to C.C.P. 430.10(b); Evidence Code sections 353 and 400

25  et seq., and related decisional law for an Order to exclude from trial all evidence proffered by

26  Plaintiff WELLS FARGO BANK N.A. This motion will be made on the grounds that:

27

28

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 1

**This Motion will be based on the  following grounds:**

The Unlawful Detainer Complaint, fails to disclose the reason why Plaintiff supposedly complied with Civil Code section 2932.5 and Civil Code section 2924; and accordingly the Complaint **fails to state a claim for which relief may be granted**, and thus there remain no issues of fact for which relevant evidence might be adduced at trial.

More importantly, it is acknowledged that banks, lenders and third party buyers have a secured interest in deed which was assigned and recorded as mandated by Civil Code Section 2932.5. In this case, plaintiff did not have the power of sale as mandated by Civil Code Section 2924 because there is no evidence that the secured interest of the current beneficiary has been properly acknowledged and recorded. Further, Plaintiff has proffered no evidence other than hearsay evidence that a foreclosure sale actually occurred. Moreover, the auctioning house and its employee, the auctioneer both failed to comply with *California Civil Code 1812.600*, making any foreclosure sale void on its face.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff claimed that a default occurred on the note, that the Trustee recorded a Notice of Default and initiated this unlawful non-judicial foreclosure. After the sale occurred, Wells Fargo Bank N.A. took over the title of the subject property. Further, Plaintiff in its exhibit lists the wrong property foreclosed on. In the Notice Of Trustee Sale plaintiff alleges it sold the property described as 1235. Miracanon Ln, Santa Barbara, California 93109. See Exhibit A attached hereto and made a part hereof. Even if it was the correct property the rules below would apply.

This Unlawful Detainer action is commenced and prosecuted pursuant to California Code of Civil Procedure Section 1161a(b). Where real property is sold at a trustee sale in accordance with sections 2924 et seq., of the California Civil Code under a power of sale contained in a deed of trust, the persons who executed said deed of trust, their successor in interest, their tenants and sub-tenants, may be evicted in an action of Unlawful Detainer. California Code of Civil Procedure Section 1161a(b)(3).

The sole evidence being offered by Plaintiff is the Deed of Trust and the Trustee's Deed

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL – 2

Upon sale, which is inadmissible evidence, because Plaintiff Wells Fargo Bank N.A. cannot and has not laid the proper foundational proof that it was ever maintained a secured interest in this particular property.

**Judicial notice will not suffice** to establish Plaintiff's burden. Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the matter. " (Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort (2001) 91 Cal.App.4th 875, 882.)

"Judicial notice may not be taken of any matter unless authorized or required by law." (Evid. Code, § 450.) "Matters that are subject to judicial notice are listed in Evidence Code sections 451 and 452. A matter ordinarily is subject to judicial notice only if the matter is reasonably beyond dispute. [Citation.]" (Fremont Indemnity Co. v. Fremont General Corp. (2007) 148 Cal.App.4th 97, 113.)

"Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." (Joslin v. H.A.S. Ins. Brokerage (1986) 184 Cal.App.3d 369, 374.) While courts take judicial notice of public records, they do not take notice of the truth of matters stated therein. (Love v. Wolf (1964) 226 Cal.App.2d 378, 403.) "When judicial notice is taken of a document, . . . the truthfulness and proper interpretation of the document are disputable." (StorMedia, Inc. v. Superior Court (1999) 20 Cal.4th 449, 457, fn. 9 (StorMedia).)

The Substitution of Trustee recites that the Bank "is the present beneficiary under" the deed of trust. As in Poseidon, this fact is hearsay and disputed; the trial court could not take judicial notice of it. Nor does taking judicial notice of the Assignment of Deed of Trust establish that the Bank is the beneficiary under the deed of trust. Because the non-judicial foreclosure process is subject to strict scrutiny, and given the material failure of a condition precedent by Plaintiff and/or Plaintiff's agent, the entire non-judicial foreclosure process is invalid. Therefore, the Deed of trust and the Trustee's Deed Upon Sale cannot be admitted into evidence, as no lawful foundation can be laid. *Robert Herrera et al., v. Deutsche Bank National Trust company et al, Third Appellate District.*

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 3

1   Moreover, Defendants contends that Plaintiff never maintained a recorded interest in the subject

2   real property at any time during the foreclosure proceedings in this case. In order to enforce the

3   power of sale pursuant to California Civil Code section 2924, the secured instrument must be

4   properly acknowledged and recorded pursuant to California Civil Code section 2932.5. The

5   power of sale may only be exercised under California Code of Civil Procedure section 2924, if

6   and only if, the secured interest of the current beneficiary has been properly acknowledged and

7   recorded. In this instance, it was not.

8   Thus, there is a major substantive failure in the non-judicial foreclosure process and the

9   transaction cannot stand. In order for WELLS FARGO BANK N.A. to have proceeding the first

10   instance under Civil Code section 2924 et seq., it was required to be record owner, which it was

11   not.

12       As such, Plaintiff WELLS FARGO BANK N.A. is not entitled to obtain possession of

13   the Subject Property as such evidence overcomes the rebuttable presumption of correctness of

14   the sale.

15   Secured interests in real property are demonstrated by recordation so that the entire world will

16   know that a party maintains a secured interest therein. That is why interests in real property are

17   recorded and deeds are submitted as evidence to assert rights of interest and title. It is a

18   fundamental precept of property law that in order to enforce the power of sale, the beneficiary of

19   a deed of trust must be able to prove the existence of their secured interest in the subject

20   property. Here, WELLS FARGO BANK N.A. has never demonstrated that it ever had such a

21   secured interest.

22   There are no valid recorded assignments recorded by WELLS FARGO BANK N.A. as the new

23   beneficiary of the Deed of Trust executed by Defendants thus, under California Civil Code

24   Section 2924, plaintiff could not enforce the power of sale. Thus, this non-judicial foreclosure of

25   this particular property is invalid and plaintiff WELLS FARGO BANK N.A. is not the lawful

26   owner of this property and not entitled to obtain possession pursuant to California Civil

27   Procedure Section 1161a.

28       The court has power to consider and grant an objection to all evidence under Evidence

Code sections 353 and 400 et seq. If no cause of action or defense is stated by the respective

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 4

1  pleading, then no "factual issue" any longer exists, and therefore no evidence may be admitted

2  on grounds of "relevance" under Evidence Code sections 400 et seq.

3

4      It is well established that a party may bring an in limine objection in order to exclude all

5  evidence, as a sort of general demurrer or "motion for judgment on the pleadings". "Although

6  not in form a motion, this method of attacking the pleading is identical in purpose to a general

7  demurrer and motion for judgment on the pleadings and is governed by the same rules.

8  [Citations.]" 5 WITKIN, Cal.Proc.3rd page 386, "Pleading" at §953. See also 6 WITKIN,

9  Cal.Proc.3rd pages 571-573, "Proceedings Without Trial" at §§272-273.

10     According to 5 WITKIN, Cal.Proc.3rd page 340, "Pleading" at §899, a "general" demurrer

11  concerns only the defense that the pleading does not state facts sufficient to constitute a cause of

12  action or defense. That is precisely what defendant contends here: **the Unlawful Detainer**

13  **Complaint fails to state a claim for which relief may be granted, because it fails to plead a**

14  **necessary element of compliance with Civil Code sections 2932.5 and 2924 et al.**

15

16          **THE COURT MUST STRICTLY ENFORCE THE TECHNICAL**

17              **REQUIREMENTS FOR A FORECLOSURE.**

18

19     The harshness of non-judicial foreclosure has been recognized. "The exercise of the

20  power of sale is a harsh method of foreclosing the rights of the grantor." Anderson v. Heart

21  Federal Savings (1989) 208 Cal.App.3d 202, 6 215, citing to System Inv. Corporation v. Union

22  Bank (1971) 21 Cal.App.3d 137, 153. The statutory requirements are intended to protect the

23  trustor from a wrongful or unfair loss of his property Moeller v. Lien (1994) 25 Cal.App.4th 822,

24  830; accord, Hicks v. E.T. Legg & Associates (2001) 89 Cal.App.4th 496, 503; Lo Nguyen v.

25  Calhoun (6th District 2003) 105 Cal.App.4th 428, 440, and a valid foreclosure by the private

26  power of sale requires strict compliance with the requirements of the statute. Miller & Starr,

27  California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.179; Anderson v.

28  Heart Federal Sav. & Loan Assn., 208 Cal. App. 3d 202, 211 (3d Dist. 1989), reh'g denied and

opinion modified, (Mar. 28, 1989); Miller v. Cote (4th Dist. 1982) 127 Cal. App. 3d 888, 894;

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 5

System Inv. Corp. v. Union Bank (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; Bisno v. Sax (2d Dist. 1959) 175 Cal. App. 2d 714, 720.

It has been a cornerstone of foreclosure law that the statutory requirements, intending to protect the trustor from a wrongful or unfair loss of the property, must be complied with strictly. Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.182. "Close" compliance does not count. As a result, any trustee's sale based on a statutorily deficient Notice of Default is invalid (emphasis added). Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.182; Anderson v. Heart Federal Sav. & Loan Assn. (3dDist. 1989) 208 Cal. App. 3d 202, 211, reh'g denied and opinion modified, (Mar. 28, 1989); Miller v. Cote (4th Dist. 1982) 127 Cal. App. 3d 888, 894; System Inv. Corp. v. Union Bank (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; Saterstrom v. Glick Bros. Sash, Door & Mill Co.(3d Dist. 1931) 118 Cal. App. 379.

It is a fundamental precept of property law that in order to enforce the power of sale, the beneficiary of a deed of trust must be able to prove the existence of their secured interest in the subject property. Here, Wells Fargo Bank N.A. has never demonstrated that it ever had such a secured interest.

Additionally, any trustee's sale based on a statutorily deficient Notice of Trustee Sale is invalid. Anderson v. Heart Federal Sav. & Loan Assn. (3d Dist. 1989) 11 208 Cal.App. 3d 202, 211, reh'g denied and opinion modified, (Mar. 28, 1989). The California Sixth District Court of Appeal observed, "Pursuing that policy [of judicial interpretation], the courts have fashioned rules to protect the debtor, one of them being that the notice of default will be strictly construed and must correctly set forth the amounts required to cure the default." Sweatt v. The Foreclosure Co., Inc. (1985 – 6th District) 166 Cal.App.3d 273 at 278, citing to Miller v. Cote (1982) 127 Cal.App.3d 888, 894 and SystemInv. Corp. v. Union Bank (1971) 21 Cal.App.3d 137, 152-153.

The same reasoning applies even to a notice of a trustee's sale. Courts will set aside a foreclosure sale when there has been fraud, when the sale has been improperly, unfairly, or unlawfully conducted, or when there has been such a mistake that it would be inequitable to let it stand. Bank of America Nat. Trust & Savings Ass'n v. Reidy (1940) 15 Cal. 2d 243, 248;

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 6

Whitman v. Transtate Title Co.(4th Dist. 1985) 165 Cal. App. 3d 312, 322-323; In re Worcester (9th Cir. 1987) 811 F.2d 1224, 1228. See also Smith v. Williams (1961) 55 Cal. 2d 617, 621; Stirton v. Pastor (4th Dist. 1960) 177 Cal. App. 2d 232, 234; Brown v. Busch (3d Dist. 1957) 152 Cal.App. 2d 200, 203-204.

In the instant case, the auction company and its employee had not complied with the requirements of *California Civil Code 1812.600*, making any foreclosure sale void on its face. **California Civil Code Section 1812.600 provides:**

*(a)Every auctioneer and auction company shall maintain a bond issued by a surety company admitted to do business in this state. The principal sum of the bond shall be twenty thousand dollars ($20,000). A copy of the bond shall be filed with the Secretary of State.*

*(b)The bond required by this section shall be in favor of, and payable to, the people of the State of California and shall be for the benefit of any person or persons damaged by any fraud, dishonesty, misstatement, misrepresentation, deceit, unlawful acts or omissions, or failure to provide the services of the auctioneer or auction company in performance of the auction by the auctioneer or auction company or its agents, representatives, or employees while acting within the scope of their employment.*

*(c)(1)No auctioneer or auction company shall conduct any business without having a current surety bond in the amount prescribed by this section and without filing a copy of the bond with the Secretary of State.*

Nationwide Posting and Publishing failed to comply with this requirement of California law thereby constituting and invalid and unlawful foreclosure sale. The case must be stopped, and that may be done by an exclusion of all evidence, as prayed for above.

Date: March 21, 2012                                      Respectfully Submitted

                                                          Dinesh Perera

                                                          Jennifer McCandless

                                                          All Rights Reserved

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 7

PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/ residence address is: *Travis Middleton 27 w. Anapamu #153 Santa Barbara, CA 93101*

On *March 21, 2012*, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO EXCLUDE ALL EVIDENCE AT TRIAL** to the following parties:

KENNETH A. FREEMAN (SBN 61174) attorney for Plaintiff WELLS FARGO BANK, N.A. at the address of 4165 East Thousand Oaks Blvd. Suite 101 Westlake Village, California 91362.

[✓] (By U.S. Mail) I deposited such envelop in the mail at *Santa Barbara California*, California with postage thereon fully prepaid.

[ ] (By Personal Service) I caused such envelop to be delivered by hand via messenger service to the address above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *MARCH 21* ~~January 19,~~ 2012                         *Travis Middleton*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"



Recording requested by:
LSI Title Company

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013
(866) 795-1852

APN #: 035-470-06-00
Property Address:
1235 MIRACANON LN
SANTA BARBARA, CALIFORNIA 93109

NOTS20110015004174

2011-0061348

Recorded          | REC FEE        18.00
Official Records  |
County of         |
Santa Barbara     |
Joseph E. Holland |
County Clerk Recorder |
                  | MB
02:14PM 25-Oct-2011 | Page 1 of 1

Trustee Sale No. : 20110015004174          Title Order No.: 110382746          FHA/VA/PMI No.:

Space above this line for Recorder's use only

# NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/24/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NDEX WEST, LLC, as duly appointed Trustee under and pursuant to Deed of Trust Recorded on 12/28/2007 as Instrument No. 2007-0087637 of official records in the office of the County Recorder of SANTA BARBARA County, State of CALIFORNIA.

**EXECUTED BY:**     MARC JONES,

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (payable at time of sale in lawful money of the United States).

**DATE OF SALE:**     11/21/2011     **TIME OF SALE:**     1:00 PM
**PLACE OF SALE:**     AT THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 1100 ANACAPA STREET, SANTA BARBARA, CA.

STREET ADDRESS and other common designation, if any, of the real property described above is purported to be:
1235 MIRACANON LN, SANTA BARBARA, CALIFORNIA 93109
**APN#:**     035-470-06-00

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $1,304,897.85. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
AGENCY SALES & POSTING
3210 EL CAMINO REAL, SUITE 200
IRVINE, CA 92602
714-730-2727
www.lpsasap.com

NDEX West, L.L.C. as Trustee

BY: R.L. Juarez                    Dated: 10/24/2011

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FCUS_NoticeOfTrusteeSale.rpt - Record - 10/17/2011 - Ver-19

Page 1 of 1

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Jennifer McCandless and Dinesh Perera    STATE BAR NO.:
FIRM NAME:
ADDRESS: 67 Alameda Padra Serra
CITY: Santa Barbara
STATE: CA    ZIP CODE: 93103
E-MAIL ADDRESS (Optional):
TELEPHONE NO.: 805-448-7761
ATTORNEY FOR (Name): In Propria Persona
FAX NO. (Optional):

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 2 1 2012

GARY M. BLAIR, Executive Officer
BY _Penny Wooff_ pw
PENNY WOOFF, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SANTA BARBARA
STREET ADDRESS: 1100 ANACAPA STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA BARBARA, CALIFORNIA 93101
BRANCH NAME: ANACAPA DIVISION

PLAINTIFF: WELLS FARGO BANK N.A.

DEFENDANT: Jennifer McCandless & Dinesh Perera

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER: 1384458 |
|---|---|

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* Jennifer McCandless & Dinesh Perera, in Pro Per

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. [✓] Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. [ ] Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):*    [ ] Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
          [✓] Explanation is on MC-025, titled as Attachment 2b(2).

          Plaintiff lacks standing to bring this action against Defendants because the auctioneer and his company conducted the alleged foreclosure sale in violation of California law.

3. **AFFIRMATIVE DEFENSES** *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*
   a. [ ] *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [ ] *(nonpayment of rent only)* On *(date):*                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [ ] Plaintiff waived, changed, or canceled the notice to quit.
   e. [ ] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [ ] By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. [ ] Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. [ ] Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [ ] Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. [✓] Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]
**ANSWER—UNLAWFUL DETAINER**
Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

UD-105 (PW)

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|

NAME: Jennifer McCandless and Dinesh Perera     STATE BAR NO.:

FIRM NAME:

ADDRESS: 67 Alameda Padra Serra

CITY: Santa Barbara     STATE: CA     ZIP CODE: 93103

E-MAIL ADDRESS (Optional):     TELEPHONE NO: 805-448-7961

ATTORNEY FOR (Name): In Propria Persona     FAX NO. (Optional):

**FILED**

SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 2 1 2012

GARY M. BLAIR, Executive Officer

BY _Penny Wooff_ pw

PENNY WOOFF, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SANTA BARBARA

STREET ADDRESS: 1100 ANACAPA STREET

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA BARBARA, CALIFORNIA 93101

BRANCH NAME: ANACAPA DIVISION

PLAINTIFF: WELLS FARGO BANK N.A.

DEFENDANT: Jennifer McCandless & Dinesh Perera

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER: 1384458 |
|---|---|

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* Jennifer McCandless & Dinesh Perera, in Pro Per

   answers the complaint as follows:

2. ***Check ONLY ONE of the next two boxes:***
   a. ☑ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☐ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):*     ☐ Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
      ☑ Explanation is on MC-025, titled as Attachment 2b(2).

      Plaintiff lacks standing to bring this action against Defendants because the auctioneer and his company conducted the alleged foreclosure sale in violation of California law.

3. AFFIRMATIVE DEFENSES   *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date):*                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. ☑ Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

**UD-105**

| CASE NUMBER: |
|---|
| 1384458 |

3. **AFFIRMATIVE DEFENSES (cont'd)**

 k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:

 [✓] Description of facts is on MC-025, titled as Attachment 3k.

 Plaintiff produced no evidence that a legitimate foreclosure sale occurred. Only presented hearsay.

4. **OTHER STATEMENTS**

 a. [ ] Defendant vacated the premises on *(date)*:

 b. [ ] The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:

 [ ] Explanation is on MC-025, titled as Attachment 4b.

 c. [✓] Other *(specify below or on form MC-025 in attachment)*:

 [ ] Other statements are on MC-025, titled as Attachment 4c.

 The assignment on the Deed of Trust is submitted by a "Robo Signator" invalidation the assigned trustee to conduct foreclosure sale on Defendant's property.

5. **DEFENDANT REQUESTS**

 a. that plaintiff take nothing requested in the complaint.

 b. costs incurred in this proceeding.

 c. [ ] reasonable attorney fees.

 d. [ ] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

 e. [ ] Other *(specify below or on form MC-025)*:

 [ ] All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: ~~#~~ 3

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [✓] did not [ ] did  for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*

 a. Assistant's name: b. Telephone No.:

 c. Street address, city, and zip code:

 d. County of registration: e. Registration No.: f. Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Jennifer McCandless ▶
_____ _____
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT OR ATTORNEY)

Dinesh Perera ▶
_____ _____
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: March 21, 2012

Jennifer McCandless & Dinesh Perera ▶
_____ _____
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2012] **ANSWER—UNLAWFUL DETAINER** Page 2 of 2

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| WELLS FARGO BANK N.A. v. Jennifer McCandless | 1384458 |

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

The purported foreclosure sale was facilitated by an auction company (Nationwide Posting and Publishing) lacking a bond to conduct the sale pursuant to C.C.C. 1812.600 & 1812.609. Cal. Civ. Code 1812.600(a)(b)(c) provides:

(a) Every auctioneer and auction company shall maintain a bond issued by a surety company admitted to do business in this state. The principal sum of the bond shall be twenty thousand dollars ($20,000). A copy of the bond shall be filed with the Secretary of State.

(b) The bond required by this section shall be in favor of, and payable to, the people of the State of California and shall be for the benefit of any person or persons damaged by any fraud, dishonesty, misstatement, misrepresentation, deceit, unlawful acts or omissions, or failure to provide the services of the auctioneer or auction company in performance of the auction by the auctioneer or auction company or its agents, representatives, or employees while acting within the scope of their employment.

(c) (1) No auctioneer or auction company shall conduct any business without having a current surety bond in the amount prescribed by this section and without filing a copy of the bond with the Secretary of State.

The auction company (Nationwide Posting and Publishing) had no bond pursuant to this code section. Any foreclosure sale allegedly conducted is void.  Please see attached document from the California Secretary of State confirming the lack of bond attached hereto and made part hereof as Exhibit (A-1)

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2 of 2

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A-1"

NOTICE OF MOTION AND MOTION TO EXLUDE ALL EVIDENCE FROM TRIAL - 9

# State of California
## Secretary of State

# CERTIFICATE OF NO RECORD

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That I am the Official Custodian of records for the Office of the Secretary of State. In that capacity I have conducted a diligent search and have failed to find any records of a filing in this office in accordance with Section 1812.600 of the Civil Code of the State of California for the following:

## Nationwide Posting and Publishing

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 9th day of March 2012



**DEBRA BOWEN**
Secretary of State

NB-26 (REV 1/2007)

OSP 06 89731

| | |
|---|---|
| PLAINTIFF: WELLS FARGO BANK N.A. | CASE NUMBER: |
| DEFENDANT: Jennifer McCandless & Dinesh Perera | 1384458 |

## PROOF OF SERVICE BY MAIL

**Instructions:** *After having the parties served by mail with the* Request/Counter-Request to Set Case for Trial—Unlawful Detainer, *(form UD-150), have the person who mailed the form UD-150 complete this* Proof of Service by Mail. *An **unsigned** copy of the* Proof of Service by Mail *should be completed and served with form UD-150.* Give the Request/Counter-Request to Set Case for Trial —Unlawful Detainer *(form UD-150) and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the* Proof of Service by Mail.

1. I am over the age of 18 and **not a party to this case.** I am a resident of or employed in the county where the mailing took place.
2. My residence or business address is *(specify):*
   Travis Middleton 27 West Anapamu Street No. 153 Santa Barbara, California 93101

3. I served the *Request/Counter-Request to Set Case for Trial—Unlawful Detainer* (form UD-150) by enclosing a copy in an envelope addressed to each person whose name and address are shown below AND

   a. [✓] **depositing** the sealed envelope in the United States mail on the date and at the place shown in item 3c with the postage fully prepaid.

   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 3c following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   c. (1) Date mailed: March 20, 2012

      (2) Place mailed *(city and state):* SANTA BARBARA, CALIFORNA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Date: March 20, 2012

Travis Middleton
_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PERSON WHO MAILED FORM UD-150)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name | Address *(number, street, city, and zip code)* |
|---|---|---|
| 4. | KENNETH A. FREEMAN (SBN 61174) attorney for Plaintiff WELLS FARGO | 4165 East Thousand Oaks Blvd. Suite 101 Westlake Village, California 91362. |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |

[ ] List of names and addresses continued on a separate attachment or form MC-025, titled Attachment to Proof of Service by Mail.

| | | |
|---|---|---|
| UD-150 [New January 1, 2005] | **REQUEST/COUNTER-REQUEST TO SET CASE FOR TRIAL—UNLAWFUL DETAINER** | Page 2 of 2 |

FW-001-INFO

# INFORMATION SHEET ON WAIVER OF SUPERIOR COURT FEES AND COSTS

If you have been sued or if you wish to sue someone, or if you are filing or have received a family law petition, and if you cannot afford to pay court fees and costs, you may not have to pay them in order to go to court. If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs *and* your court fees, you may ask the court to waive all or part of your court fees.

1. To make a request to the court to waive your fees in superior court, complete the *Request to Waive Court Fees* (form FW-001). If you qualify, the court will waive all or part of its fees for the following:.
   - Filing papers in superior court (other than for an appeal in a case with a value of over $25,000)
   - Making and certifying copies
   - Sheriff's fee to give notice
   - Court fees for telephone hearings
   - Reporter's daily fee *(for up to 60 days after the grant of the fee waiver, at the court-approved daily rate)*
   - Preparing, certifying, copying, and sending the clerk's transcript on appeal.
   - Giving notice and certificates
   - Sending papers to another court department
   - Having a court-appointed interpreter in small claims court

2. You may ask the court to waive other court fees during your case in superior court as well. To do that, complete a *Request to Waive Additional Court Fees (Superior Court)* (form FW-002). The court will consider waiving fees for items such as the following, or other court services you need for your case:
   - Jury fees and expenses
   - Fees for court-appointed experts
   - Reporter's daily fee *(beyond the 60-day period after the grant of the fee waiver, at the court-approved daily rate)*
   - Fees for a peace officer to testify in court
   - Court-appointed interpreter fees for a witness
   - Other necessary court fees

3. If you want the Appellate Division of Superior Court or the Court of Appeal to review an order or judgment against you and you want the court fees waived, ask for and follow the instructions on *Information Sheet on Waiver of Appellate Court Fees, Supreme Court, Court of Appeal, Appellate Division* (form APP-015/FW-015-INFO).

## IMPORTANT INFORMATION!

- **You are signing your request under penalty of perjury. Please answer truthfully, accurately, and completely.**

- **The court may ask you for information and evidence.** You may be ordered to go to court to answer questions about your ability to pay court fees and costs and to provide proof of eligibility. Any initial fee waiver you are granted may be ended if you do not go to court when asked. You may be ordered to repay amounts that were waived if the court finds you were not eligible for the fee waiver.

- **If you receive a fee waiver, you must tell the court if there is a change in your finances.** You must tell the court within five days if your finances improve or if you become able to pay court fees or costs during this case. (File *Notice to Court of Improved Financial Situation or Settlement* (form FW-010) with the court.) You may be ordered to repay any amounts that were waived after your eligibility came to an end.

- **If you receive a judgment or support order in a family law matter:** You may be ordered to pay all or part of your waived fees and costs if the court finds your circumstances have changed so that you can afford to pay. You will have the opportunity to ask the court for a hearing if the court makes such a decision.

- **If you win your case in the trial court:** In most circumstances the other side will be ordered to pay your waived fees and costs to the court. The court will not enter a satisfaction of judgment until the fee is paid. (This does not apply in unlawful detainer cases. Special rules apply in family law cases. (Government Code, section 68637(d), (e).)

- **If you settle your civil case for $10,000 or more:** Any trial court waived fees and costs must first be paid to the court out of the settlement. The court will have a lien on the settlement in the amount of the waived fees and costs. The court may refuse to dismiss the case until the lien is satisfied. A request to dismiss the case (use form CIV-110) must have a declaration under penalty of perjury that the waived fees and costs have been paid. Special rules apply to family law cases.

- **The court can collect fees and costs due to the court.** If waived fees and costs are ordered paid to the trial court, the court can start collection proceedings and add a $25 fee plus any additional costs of collection to the other fees and costs owed to the court.

- **The fee waiver ends.** The fee waiver expires 60 days after the judgment, dismissal, or other final disposition of the case or earlier if a court finds that you are not eligible for a fee waiver.

- **If you are in jail or state prison:** Prisoners may be required to pay the full cost of the filing fee in the trial court but may be allowed to do so over time.

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2009
Government Code, §§ 68630–68640

Information Sheet on Waiver of
Superior Court Fees and Costs

FW-001-INFO, Page 1 of 1

American LegalNet, Inc.

| **FW-001** | **Request to Waive Court Fees** | **CONFIDENTIAL** |
|---|---|---|

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for household's basic needs and your court fees, you may use this form to ask the court to waive all or part of your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

*Fill in case number and name:*

**Case Number:**

**Case Name:**

① **Your Information** *(person asking the court to waive the fees):*
Name:_____
Street or mailing address: _____
City:_____ State: _____ Zip: _____
Phone number: _____

② **Your Job,** if you have one *(job title):* _____
Name of employer: _____
Employer's address: _____

③ **Your lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
_____

a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):*   Yes☐   No ☐
b. *(If yes, your lawyer must sign here)* Lawyer's signature: _____
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

④ **What court's fees or costs are you asking to be waived?**
   ☐ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
   ☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees and Costs* (form APP-015/FW-015-INFO).)

⑤ **Why are you asking the court to waive your court fees?**
a. ☐ I receive *(check all that apply):* ☐ Medi-Cal ☐ Food Stamps ☐ SSI ☐ SSP ☐ County Relief/General Assistance ☐ IHSS (In-Home Supportive Services) ☐ CalWORKS or Tribal TANF (Tribal Temporary Assistance for Needy Families) ☐ CAPI (Cash Assistance Program for Aged, Blind and Disabled)
b. ☐ My gross monthly household income (before deductions for taxes) is less than the amount listed below.
   *(If you check 5b you must fill out 7, 8 and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | |
|---|---|---|---|---|---|---|
| 1 | $1,163.55 | 3 | $1,988.55 | 5 | $2,813.55 | *If more than 6 people at home, add $412.50 for each extra person.* |
| 2 | $1,576.05 | 4 | $2,401.05 | 6 | $3,226.05 | |

c. ☐ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to *(check one):* ☐ waive all court fees ☐ let me make payments over time
   *(Explain):* _____ *(If you check 5c, you must fill out page 2.)*

⑥ ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
   *(If your previous request is reasonably available, please attach it to this form and check here:* ☐ *)*

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**

Date: _____

▸

_____
*Print your name here*                    *Sign here*

Judicial Council of California, www.courts.ca.gov
Revised February 15, 2012, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

FW-001, Page 1 of 2

**FW-003**

## Order on Court Fee Waiver
## (Superior Court)

Clerk stamps date here when form is filed.

① **Person who asked the court to waive court fees:**
Name: _____
Street or mailing address: _____
City: _____ State: _____ Zip: _____

② **Lawyer, if person in ① has one** (*name, address, phone number, e-mail, and State Bar number*): _____
_____
_____

③ A request to waive court fees was filed
on (*date*): _____

☐ The court made a previous fee waiver order in this case
on (*date*): _____

*Read this form carefully. All checked boxes* ☑ *are court orders.*

Fill in court name and street address:

Superior Court of California, County of

Fill in case number and case name:

Case Number:

Case Name:

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your (check one): ☐ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

**a.** ☐ **The court grants your request, as follows:**

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. (*Cal. Rules of Court, rule 3.55.*) You do not have to pay the court fees for the following:
- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Reporter's daily fee (*for up to 60 days following the fee waiver order at the court-approved daily rate*)
- Preparing and certifying the clerk's transcript on appeal
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Court fees for phone hearings

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. (*Cal. Rules of Court, rule 3.56.*) You do not have to pay for the checked items.
☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Reporter's daily fees (*beyond the 60-day period following the fee waiver order*)
☐ Other (specify): _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

(3) ☐ **Fee Waiver for Appeal.** The court grants your request and waives the fees and costs checked below, for your appeal. (*Cal. Rules of Court, rules 3.55, 3.56, 8.26, and 8.818.*) You do not have to pay for the checked items.
☐ Preparing and certifying clerk's transcript for appeal
☐ Other (specify): _____

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2009, Mandatory Form
Government Code, § 68634(e)
California Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UD-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jennifer McCandless and Dinesh Perera | **F I L E D** |
| 67 Alameda Padre Serra Santa Barbara, California 93103 | SUPERIOR COURT of CALIFORNIA |
| TELEPHONE NO.: 805-448-7961   FAX NO. *(Optional)*: | COUNTY of SANTA BARBARA |
| E-MAIL ADDRESS *(Optional)*: | **MAR 2 1 2012** |
| ATTORNEY FOR *(Name)*: Defendants appearing in Propria Persona | GARY M. BLAIR, Executive Officer |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA BARBARA**

STREET ADDRESS: 1100 ANACAPA STREET

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA BARBARA, CALIFORNIA 93101

BRANCH NAME: ANACAP DIVISION

BY _Penny Wooff_
PENNY WOOFF, Deputy Clerk

PLAINTIFF: WELLS FARGO BANK N.A.

DEFENDANT: Jennifer McCandless & Dinesh Perera

| | CASE NUMBER: |
|---|---|
| ☑ **REQUEST**   ☐ **COUNTER-REQUEST** | 1384458 |
| **TO SET CASE FOR TRIAL—UNLAWFUL DETAINER** | |
| ☐ Plaintiff   ☑ Defendant | |

1. ☐ **Plaintiff's request.** I represent to the court that all parties have been served with process and have appeared or have had a default or dismissal entered against them. I request that this case be set for trial.

2. **Trial preference.** The premises concerning this case are located at *(street address, apartment number, city, zip code, and county)*:

   67 Alameda Padra Serra Santa Barbara, California 93103

   a. ☑ To the best of my knowledge, the right to possession of the premises is still in issue. This case is entitled to legal preference under Code of Civil Procedure section 1179a.

   b. ☐ To the best of my knowledge, the right to possession of the premises is no longer in issue. No defendant or other person is in possession of the premises.

3. **Jury or nonjury trial.** I request ☑ a jury trial   ☐ a nonjury trial.

4. **Estimated length of trial.** I estimate that the trial will take *(check one)*:

   a. ☑ days *(specify number)*:   3   b. ☐ hours *(specify if estimated trial is less than one day)*:

5. **Trial date.** I am not available on the following dates *(specify dates and reasons for unavailability)*:

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

6. *(Complete in all cases.)* An unlawful detainer assistant ☑ **did not** ☐ did   for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 20, 2012

Jennifer McCandless & Dinesh Perera
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

### NOTICE

- An unlawful detainer case must be set for trial on a date not later than **20 days after the first request** to set the case for trial is made (Code Civ. Proc., § 1170.5(a)).
- If a jury is requested, $150 must be deposited with the court 5 days before trial (Code Civ. Proc., § 631).
- Court reporter and interpreter services vary. Check with the court for availability of services and fees charged.
- If you cannot pay the court fees and costs, you may apply for a fee waiver. Ask the court clerk for a fee waiver form.

Page 1 of 2

| Form Adopted for Mandatory Use | **REQUEST/COUNTER-REQUEST TO SET CASE** | Code of Civil Procedure, §§ 631, |
|---|---|---|
| Judicial Council of California | **FOR TRIAL—UNLAWFUL DETAINER** | 1170.5(a), 1179a |
| UD-150 [New January 1, 2005] | | www.courtinfo.ca.gov |

| | |
|---|---|
| PLAINTIFF: WELLS FARGO BANK N.A. | CASE NUMBER: |
| DEFENDANT: Jennifer McCandless & Dinesh Perera | 1384458 |

## PROOF OF SERVICE BY MAIL

**Instructions:** *After having the parties served by mail with the* Request/Counter-Request to Set Case for Trial—Unlawful Detainer, *(form UD-150), have the person who mailed the form UD-150 complete this* Proof of Service by Mail. ***An unsigned copy of the*** *Proof of Service by Mail **should be completed and served with form UD-150. Give the** Request/Counter-Request to Set Case for Trial —Unlawful Detainer (form UD-150) and the completed Proof of Service by Mail **to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.***

1. I am over the age of 18 and **not a party to this case.** I am a resident of or employed in the county where the mailing took place.
2. My residence or business address is *(specify):*
   Travis Middleton 27 West Anapamu Street No. 153 Santa Barbara, California 93101

3. I served the *Request/Counter-Request to Set Case for Trial—Unlawful Detainer* (form UD-150) by enclosing a copy in an envelope addressed to each person whose name and address are shown below AND

   a. [✓] **depositing** the sealed envelope in the United States mail on the date and at the place shown in item 3c with the postage fully prepaid.

   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 3c following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   c. (1) Date mailed: March 20, 2012

      (2) Place mailed *(city and state):* SANTA BARBARA, CALIFORNA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Date: March 20, 2012

Travis Middleton

(TYPE OR PRINT NAME)                                   (SIGNATURE OF PERSON WHO MAILED FORM UD-150)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name | Address *(number, street, city, and zip code)* |
|---|---|---|
| 4. | KENNETH A. FREEMAN (SBN 61174) attorney for Plaintiff WELLS FARGO | 4165 East Thousand Oaks Blvd. Suite 101 Westlake Village, California 91362. |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |

[ ] List of names and addresses continued on a separate attachment or form MC-025, titled Attachment to Proof of Service by Mail.

UD-150 [New January 1, 2005]

**REQUEST/COUNTER-REQUEST TO SET CASE FOR TRIAL—UNLAWFUL DETAINER**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA

STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, California 93101
BRANCH NAME: Santa Barbara-Anacapa Division

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 2 3 2012

GARY M. BLAIR, Executive Officer
BY *Sheila Singer Brown*
SHEILA SINGER-BROWN, Deputy Clerk

Caption:

**Wells Fargo Bank NA vs Jennifer McCandless et al**

| NOTICE OF TRIAL | CASE NUMBER: |
| --- | --- |
| | **1384458** |

Pursuant to sections 1170.5(a) and 1179a of the Code of Civil Procedure, the above-entitled case has been set for a MANDATORY Readiness and Settlement conference and Trial date as indicated below:

Readiness & Settlement Conference   **04/05/12**   1:30 pm   Dept.   **SB6**   1100 Anacapa Street
Santa Barbara, CA 93101

Trial Confirmation - Court Trial   **04/06/12**   1:30 pm   Dept.   **SB6**   1100 Anacapa Street
Santa Barbara, CA 93101

Gary M. Blair, Executive Officer

Dated:   03/23/12

By *Sheila Singer Brown* , Deputy

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party of this action and that a true copy of the foregoing was mailed first class, postage prepaid in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at Santa Barbara, California, on  03/23/12

Kenneth Allan Freedman
4165 E Thousand Oaks Blvd Ste 101
Westlake Village, CA 91362

Jennifer  McCandless
67 Alameda Padre Serra
Santa Barbara, CA 93103

Dinesh  Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

Gary M. Blair, Executive Officer

By *Sheila Singer Brown* , Deputy

LAW OFFICES OF
**KENNETH A. FREEDMAN**
A PROFESSIONAL LAW CORPORATION
Kenneth A. Freedman (State Bar #61174)
4165 East Thousand Oaks Boulevard
Suite 101
WESTLAKE VILLAGE, CALIFORNIA 91362
Telephone (805) 777-3822 - Fax (805) 777-3827

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 2 6 2012

GARY M. BLAIR, Executive Officer
BY _Jahn Vazquez_
JACKIE VAZQUEZ, Deputy Clerk

Attorney for Plaintiff, WELLS FARGO BANK NA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA - LIMITED CIVIL

WELLS FARGO BANK NA,

   Plaintiff,

vs.

JENNIFER MC CANDLESS, DINESH
PERERA, and DOES 1 to 10,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1384458

PLAINTIFF'S OPPOSITION TO
MOTION IN LIMINE BROUGHT BY
DEFENDANTS; MEMORANDUM OF
POINTS AND AUTHORITIES

DATE: March 29, 2012
TIME: 9:30 A.M.
DEPT: 6

TO DEFENDANTS JENNIFER McCANDLESS AND DINESH PERERA, IN PRO

PER:

  Plaintiff, WELLS FARGO BANK NA hereby opposes the Motion In Limine brought by

Defendants JENNIFER McCANDLESS and DINESH PERERA on the grounds set forth below.

  The hearing on the Motion In Limine is presently scheduled to take place on March 29,

2012, at 9:30 A.M., in Department 6 of the above-entitled Court, located at 1100 Anacapa St.,

Santa Barbara, CA 93101.

  This opposition will be based upon the grounds that the Complaint filed herein states

facts sufficient to state cause(s) of action against Defendants and is not subject to this motion,

1    which is directed at precluding all evidence to be presented by Plaintiff at the time of trial

2    in this Unlawful Detainer action.

3      This opposition will be further based upon the grounds that Plaintiff is a federal savings

4    bank authorized to do business in the State of California acquired title to the subject property

5    through a foreclosure sale and has the legal capacity to sue.

6      This opposition will further be based upon the records and files herein, upon those

7    matters that this Court may take Judicial Notice, the attached memorandum of points and

8    authorities, upon the Declaration of Kenneth A. Freedman and upon such oral and documentary

9    evidence as may be presented at the hearing hereon.

10   Dated:  March 26, 2012

                      KENNETH A. FREEDMAN
11                         A Professional Law Corporation

12              By:_____

13                  KENNETH A. FREEDMAN,
                    Attorney for Plaintiff,
14                     WELLS FARGO BANK NA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF CASE

The within action filed by Plaintiff, WELLS FARGO BANK NA, alleges that named Defendants, JENNIFER McCANDLESS and DINESH PERERA, remain in possession of the subject premises located at 67 Alameda Padre Serra, Santa Barbara, CA 93103, after Plaintiff acquired title to the property by means of a Foreclosure Sale on November 7, 2011. The complaint further alleges that Plaintiff's title was perfected on November 17, 2011. Request is made that this Court take Judicial Notice of the Notice of Default and Notice of Trustee's Sale attached to the Complaint as Exhibit 1A and of the Trustee's Deed Upon Sale attached to the Complaint as Exhibit 1B.

The complaint further alleges that the 3/30/60/90 Day Notice to Quit was served on Defendants Jennifer McCandless, Dinesh Perera and Any and All Other Occupants of the subject property on December 11, 2011, and that the period stated in the notice expired on December 15, 2011.

Prior to bringing this Motion in Limine, Defendants brought a Motion to Quash, a Motion to Dismiss and a Notice of Removal to the District Court.

By this Motion in Limine, essentially a Demurrer, Defendants seek to exclude all evidence to be presented at the time of trial by Plaintiff.

## II.

## DEFENDANTS' CONTENTIONS

Defendants bring this Motion in Limine on numerous grounds, all of which are specious.

Defendants contend that Plaintiff cannot introduce evidence at trial of the foreclosure sale, as the foreclosure process was invalid and therefore, the Deed of Trust and the Trustee's Deed Upon Sale cannot be admitted into evidence.

Defendants also contend that Plaintiff failed to comply with the requirements of Civil Code, Section 2924.

Defendants go on to argue that "the auction company and its employee had not complied

3

1   with the requirements of California Civil Code 1812.600, making any foreclosure sale void on its

2   face.

3       Defendants cite irrelevant case law and statutes.  No evidence is presented by Defendants

4   to support any contention.

### III.

### PLEADING IS SUFFICIENT

7       A complaint for unlawful detainer must set forth the facts on which plaintiff seeks to

8   recover.  (Delta Imports, Inc. vs. Municipal Court (1983) 146 Cal.App.3d 1033, 194 Cal.Rptr.

9   685).

10      The complaint states that Plaintiff acquired title to the subject property by means of a

11  Trustee's Deed Upon Sale.

12      When a written notice to quit the premises is a condition precedent to maintaining a

13  proceeding for unlawful detainer, the giving of the notice must be alleged.  (Delta Imports, Inc.

14  vs. Municipal Court (1983) 146 Cal.App.3d 1033, 194 Cal.Rptr.  685).

15      The complaint must allege that the notice was written, that it specified the breach or

16  default on which the termination was based, that it unequivocally demanded possession, or if the

17  condition or covenant allegedly violated was capable of being performed, that the notice gave the

18  tenant the alternative of performing the covenant or condition or quitting possession.  (Delta

19  Imports, Inc. vs.  Municipal Court (1983) 146 Cal.App.3d 1033, 194 Cal.Rptr.  685). This

20  requirement can be met by attaching a copy of the notice to the complaint and incorporating it

21  into the complaint by reference.  (Wilson vs. Sadleir (1915) 26 Cal.App.  357, 146 P. 1061).

22      The complaint on file herein clearly states that the Notice for Possession was served, that

23  the period stated in the notice expired and that a copy of the notice is attached to the complaint.

24      The complaint also alleges at Paragraph 1 that Plaintiff Wells Fargo Bank NA, is

25  successor by Merger with Wachovia Mortgage FSB (formerly World Savings Bank FSB).

26      Plaintiff would request that this Court take Judicial Notice of the complaint, and all

27  Exhibits thereto, on file herein.

28  **The rules of pleading only require that a complaint fairly apprise the opposing**

4

1   party of the issues to be litigated.

2      The complaint herein clearly, and without ambiguity, states that Plaintiff acquired title to

3   the subject property by means of a Trustee's Deed Upon Sale and that title to the property was

4   perfected.

5                                          **IV.**

6   **PLAINTIFF MAY PROSECUTE AN UNLAWFUL DETAINER ACTION**

7      Plaintiff has the authority to prosecute this unlawful detainer action. California Code of

8   Civil Procedure, Section 1161a(b)(3) states in part:

9      "(a) As used in this section:

10       (b) In any of the following cases, a person who holds over and
    continues in possession of a manufactured home, mobilehome, floating

11       home, or real property after a three-day written notice to quit the
    property has been served upon the person, or if there is a subtenant

12       in actual occupation of the premises, also upon such subtenant, as
    prescribed in Section 1162, may be removed therefrom as prescribed in

13       this chapter:

14       . . .

15       (3) Where the property has been sold in accordance with Section
    2924 of the Civil Code, under a power of sale contained in a deed of

16       trust executed by such person, or a person under whom such person
    claims, and the title under the sale has been duly perfected."

17      Plaintiff is current vested owner of the subject real property having received title by

18   Trustee's Deed Upon Sale after non-judicial foreclosure progressed in accordance with

19   California Civil Code, section 2924, et seq. A true and correct copy of the Trustee's Deed Upon

20   Sale is attached to the Complaint. Moving party requests that this Court take Judicial Notice of

21   the Complaint and its Exhibits pursuant to Evidence Code, Section 452(d). The recitations

22   contained in the trustee's deed concerning compliance with the statutes governing non-judicial

23   foreclosure of Deed of Trust constitute prima facie evidence that title was duly perfected in

24   Plaintiff's name. California Civil Code, Section 2924.

25       ///

26       ///

27       ///

28

                                          5

F:\DOCUMENTS\W\WELLS.MC\OPP MOT L\MINE

## V.

### DEFENDANT'S RIGHTS WERE EXTINGUISHED
### WITH THE FORECLOSURE SALE

A completed foreclosure sale held in compliance with state law requirements constitutes a final adjudication of the rights of the borrower and the lender. Moeller vs. Lien (1994) 25 Cal.App.4th 822, 830; Ballengee vs. Sadler (1986) 179 Cal.App.3rd 1, 4-5; California Civil Code, Section 2924h(c).

A nonjudicial foreclosure ("trustee's") sale (CC Section 2924ff.) conveys to the purchaser absolute title that "related back" to the date on which the trust deed was recorded. The *Rutter Group, California Practice Guide, Landlord-Tenant, Section 2:527.1.*

## VI.

### PLAINTIFF'S PROOF OF PRIMA FACIA CASE

### A. Limited Issues of Unlawful Detainer Matters

It is well established in statute, case law and treatise, than an unlawful detainer proceeding involving a plaintiff whose claim to possession arise from acquisition at a nonjudicial foreclosure sale held pursuant to California Civil Code, Section 2924, may be prosecuted pursuant to California Code of Civil Procedure, Section 1161a. As state above, California Code of Civil Procedure, Section 1161a(b)(3) provides the holders of the title after a nonjudicial foreclosure sale a specific streamlined statutory procedure to evict the occupants holding over after such a sale.

With respect to the issue of Plaintiff's title, Plaintiff "need only prove a sale in compliance with the statute and deed of trust, followed by purchase at said sale, and the defendant may raise objections **only on the face of the issue of title.** *Miller & Starr, California Real Estate Digest 3d, Forcible Entry and Detainer Section 7.* (**Emphasis added.**)

Clearly, the defendant in an unlawful detainer proceeding is not precluded from pursuing any other issues it may claim with respect to title, but Courts have long held that those issues are proper in separate proceedings in Court that have jurisdiction to hear those claims. **In fact, the Court hearing an unlawful detainer proceeding does not have jurisdiction to hold a**

6

1   foreclosure sale is invalid as that is clearly a proceeding in equity which is beyond the

2   limited jurisdiction of a Court hearing an unlawful detainer matter. <u>Vella vs. Hudgins</u>

3   (1977) 20 Cal.3d 251; <u>MCA, Inc. vs. Universal Diversified Enterprises Corp.</u> (1972) 27

4   Cal.App.3d 170.

5          B.  **Plaintiff's Limited Burden of Proving Title**

6          As the California Supreme Court held in <u>Cheny vs. Trauzettel</u>, 9 Cal.2d 158, "It is true

7   that where the purchaser at a trustee's sale proceeds under Section 1161a of the <u>Code of Civil</u>

8   <u>Procedure</u> he must prove his acquisition of title by purchase at the sale; but is only to this limited

9   extent, as provided by statute, that title may be litigated in such a proceeding. (Citations

10  omitted)"

11         In unlawful detainer proceedings pursuant to California <u>Code of Civil Procedure</u>, Section

12  1161a, Plaintiff meets this evidentiary burden by introducing a Certified Copy of the recorded

13  Trustee's Deed Upon Sale, which contains the statutory recitals.

14  California <u>Civil Code</u>, Section 2924(c) provides:

15      "(c) A recital in the deed executed pursuant to the power of sale
        of compliance with all requirements of law regarding the mailing of
16      copies of notices or the publication of a copy of the notice of
        default or the personal delivery of the copy of the notice of default
17      or the posting of copies of the notice of sale or the publication of
        a copy thereof shall constitute prima facie evidence of compliance
18      with these requirements and conclusive evidence thereof in favor of
        bona fide purchasers and encumbrances for value and without notice."
19

20  Furthermore, as is provided in *27 Cal.Jur.3d Deeds of Trust Section 327*:

21      "Under the Civil Code, a recital in a trustee's deed of compliance with all requirements
        regarding mailing of copies of notices, the publication or personal delivery of a copy of
22      the notice of default, the posting of copies of the notice of sale, or the publication of a
        copy thereof, constitutes prima facie evidence of compliance with such requirements and
23      conclusive evidence thereof in favor of bona fide purchasers for value and without notice.
        There is also a common-law, rebuttable presumption that a foreclosure sale has been
24      conducted regularly and fairly.
25
26      "By express provision of the deed to trust, recitals in a trustee's deed may be furnished as
        proof of the regularity of the sale, **and no further evidence is necessary to establish the**
27      **title and right to possession of the purchaser.**" (Emphasis added)

28  Moreover, 4 Witkin, Summary 10th (2005) Sec. Trans—Real, Section 164, P. 962

                                            7

provides:

"*In General.* It has been held that, by provision in the deed of trust, recitals in a trustee's deed may be made proof of the regularity of the sale, and no further evidence is necessary to establish the title and right to possession of the purchaser. (See *Sorensen v. Hall* (1934) 219 C. 680, 682, 28 P.2d 667; *Cobb v. California Bank* (1936) 6 C.2d 389, 390, 57 P.2d 924; *Pacific States Savings & Loan Co. v. O'Neill* (1936) 7 C.2d 596, 599, 61 P.2d 1160; *Karrell v. First Thrift of Los Angeles* (1951) 104 C.A.2d 536, 539, 232 P.2d 1.)

> (2)  Statutory Presumptions.  C.C. 2924 (c) covers this subject by two presumptions, as
> follows: "A recital in the deed executed pursuant to the power of sale
> of compliance with all requirements of law regarding the mailing of
> copies of notices or the publication of a copy of the notice of
> default or the personal delivery of the copy of the notice of default
> or the posting of copies of the notice of sale or the publication of
> a copy thereof shall constitute prima facie evidence of compliance
> with these requirements and conclusive evidence thereof in favor of
> bona fide purchasers and encumbrancers for value and without notice."

Consequently, a certified copy of the Trustee's Deed Upon Sale given the aforementioned evidential presumptions establishes that the property was sold in accordance with Civil Code, Section 2924, and the tile was duly perfected.  Moreover, since unlawful detainer proceeding concerning the issue of possession, standing to prosecute the unlawful detainer matter is established by proving ownership, i.e., the Trustee's Deed Upon Sale.

## VII.

## PURPOSE OF MOTION IN LIMINE

The Court has the inherent power to grant a motion in limine to exclude "any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." Clemens v. American Warranty Corp., 193 Cal. App. 3d 444, 451, 238 Cal. Rptr. 339 (2d Dist. 1987); Peat, Marwick, Mitchell & Co. v. Superior Court, 200 Cal. App. 3d 272, 288, 245 Cal. Rptr. 873 (1st Dist. 1988).

As was stated in Clemens vs. American Warranty Corporation (1987) 193 Cal.App.3d 444:

"Contrasted with motions in limine which seek to keep *particular items* of evidence from

8

F:\DOCUMENTS\W\WELLS.MC\OPP MOT LIMINE

1    the jury, an "objection to all evidence" lies where a party's pleading is fatally defective. A

2    defendant may object to the introduction of any and all evidence by a plaintiff who has failed to

3    state a cause of action. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 272,

4    p. 571.) In making such motion, the objecting party *seeks to end the trial* and obtain a favorable

5    judgment, on the pleadings, without any evidence. (*Ibid.*) "An objection to the introduction of

6    any evidence on the ground that a complaint fails to state a cause of action is in the nature of a

7    general demurrer to the complaint or a motion by a defendant for judgment on the pleadings."

8    (*Miller v. McLaglen* (1947) 82 Cal.App.2d 219, 223, 186 P.2d 48.) Accordingly, such motion is

9    properly sustained where even if the plaintiff's allegations were proved, they would not establish

10   a cause of action. (6 Witkin, *op. cit. supra,* at p. 572.)"

11        As set forth above, Plaintiff's allegations contained in the complaint are sufficient and not

12   subject to general demurrer.  The complaint is not "fatally defective."

13                                           VII.

14              **CIVIL CODE SECTION 1812.600 DOES NOT APPLY**

15        Defendants argue that the foreclosure sale is invalid, as there was no compliance with

16   Civil Code, Section 1812.600.

17        The section cited by Defendants does not apply to a foreclosure sale.

18        Civil Code, Section 1812.600 states in pertinent part as follows:

19   "(a) Every auctioneer and auction company shall maintain a bond issued by a surety

20   company admitted to do business in this state. The principal sum of the bond shall be twenty

21   thousand dollars ($20,000). A copy of the bond shall be filed with the Secretary of State.

22        (b) The bond required by this section shall be in favor of, and payable to, the people of

23   the State of California and shall be for the benefit of any person or persons damaged by any

24   fraud, dishonesty, misstatement, misrepresentation, deceit, unlawful acts or omissions, or failure

25   to provide the services of the auctioneer or auction company in performance of the auction by the

26   auctioneer or auction company or its agents, representatives, or employees while acting within

27   the scope of their employment.

28        (c) (1) No auctioneer or auction company shall conduct any business without having a

                                            9

1   current surety bond in the amount prescribed by this section and without filing a copy of the bond

2   with the Secretary of State."

3       <u>Civil Code</u>, Section 1812.601, defines the applicable terms and states in pertinent part as

4   follows:

5       "(b) **"Auction"** means a sale transaction conducted by means of oral or written

6   exchanges, which include exchanges made in person or through electronic media, between an

7   auctioneer and the members of his or her audience, which exchanges consist of a series of

8   **invitations for offers for the purchase of goods made by the auctioneer** and offers to

9   purchase made by members of the audience and culminate in the acceptance by the auctioneer of

10   the highest or most favorable offer made by a member of the participating audience.

11       However, **auction does not include** either of the following:

12       (1) A wholesale motor vehicle auction subject to regulation by the Department of Motor

13   Vehicles.

14       (2) **A sale of real estate** or a sale in any sequence of real estate with personal property or

15   fixtures or both in a unified sale pursuant to subparagraph (B) of paragraph (1) of subdivision (a)

16   of Section 9604 of the Commercial Code.

17       (c) **"Auction company"** means any person who arranges, manages, sponsors, advertises,

18   accounts for the proceeds of, or carries out **auction sales** at locations, including, but not limited

19   to, any fixed location, including an auction barn, gallery place of business, sale barn, sale yard,

20   sale pavilion, and the contiguous surroundings of each.

21       (d) **"Auctioneer"** means any individual who is engaged in, or who by advertising or

22   otherwise holds himself or herself out as being available to engage in, the calling for, the

23   recognition of, and the acceptance of, **offers for the purchase of goods at an auction."**

24   ///

25   ///

26   ///

27   ///

28   ///

F:\DOCUMENTS\W\WELLS.MC\OPP MOT LIMINE

## VIII.

## CONCLUSION

It is respectfully requested that this Court view this Motion In Limine as no more than a continuing effort on the part of Defendants to obstruct Plaintiff's rightful possession of the subject premises.

It is respectfully requested that this Court deny the Motion In Limine brought by Defendants.

Defendants' concerns can be addressed at the time of trial.

Dated: March 26, 2012

KENNETH A. FREEDMAN
A Professional Law Corp.

By:_____
KENNETH A. FREEDMAN,
Attorney for Plaintiff,
WELLS FARGO BANK NA

11

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF VENTURA

I, Beverly Adelman, am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4165 East Thousand Oaks Boulevard, Suite 101, Westlake Village, California 91362.

On March 26, 2012, I served the foregoing document(s) described as

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE BROUGHT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Jennifer McCandless
Dinesh Perera
67 Alameda Padre Serra
Santa Barbara, CA 93103

[ ]  BY MAIL, as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  BY FACSIMILE TRANSMISSION.

[ ]  BY MESSENGER, via hand delivery to the office of the addressee.

[X]  BY FEDERAL EXPRESS - I caused each such envelope to be deposited into a designated Federal Express dropbox for pick up on the date of execution of this declaration and delivery on the following business day.

Executed on March 26, 2012, at Westlake Village, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

BEVERLY ADELMAN
Declarant

12

F:\DOCUMENTS\W\WELLS.MC\OPP MOT LIMINE

Wells Fargo Bank NA vs Jennifer McCandless et al, Case No. 1384458  Filed on 01-04-12

01-04-12 Complaint-Unlawful Detainer, Filed by Plaintiff

01-04-12 Summons, Filed by Plaintiff

01-04-12 Civil Case Cover Sheet, Filed by Plaintiff

01-06-12 Notice-Unlawful Detainer CCP1161.2

01-18-12 Order & Notice of Case Assignment, Filed

01-18-12 Proof of Service-Summons & Compl - All Other Occupants, Served by Substituted Service on 1/15/12, Filed by Plaintiff

01-18-12 Declaration of Mailing, Filed by Plaintiff

01-18-12 Proof of Service-Summons & Compl - Jennifer McCandless, Served by Substituted Service on 1/15/12, Filed by Plaintiff

01-18-12 Declaration of Reasonable Diligence, Filed by Plaintiff

01-18-12 Declaration of Mailing; Mailed on 1/16/12, Filed by Plaintiff

01-18-12 Proof of Service-Summons & Compl - Dinesh Perera, Served by Personal Service on 1/15/2012, Filed by Plaintiff

01-20-12 Notice of Motion and Motion to Quash Service of Summons -- hrg: 02/09/2012 at 9:30 am in Dept 6 -- First Appearance Fee Collected $450.00

, Filed by Defendant Pro Per

01-20-12 Notice to the Court Notice of Fraud Upon the Court -- Hrg; 02/09/2012

, Filed by Defendant

01-27-12 Opposition - Plaintiff's Opposition to Motion to Quash Service of Summons Brought by Defendants; Memo. of P's and A's; Declaration of Kenneth A. Freedman, Filed by Plaintiff

01-31-12 Request to Enter Default Any Other Occupants, Filed by Plaintiff

02-09-12 Minute Order Motion:Quash Service of Summons denied. Defendants ordered to respond to the complaint by 2/17/12, Filed

02-16-12 Notice of Motion and Motion to Dismiss Plaintiff's Unlawful Detainer Complaint for Failure to Prosecute-- Hrg: 3/8/2012 at 9:30am in Dept 6, Filed by Defendant Pro Per

02-21-12 Opposition to Motion to Dismiss Brought by Defts; Memo of P's and A's; Decl of Kenneth A Freedman; Req for Monetary Sanctions in the amount of $1500.00 Pursuant to CCP 128.5/Pltiff's -- Hrg: 03/08/2012, Filed by Plaintiff

02-21-12 Request to Enter Default, Filed by Plaintiff

02-27-12 Request for Clerk's Judgment, Filed by Plaintiff

02-27-12 Judgment by Default by Clerk Possession ONLY, Filed by Plaintiff

02-27-12 Writ of Possession ONLY, Filed by Plaintiff

03-09-12 Declaration, Filed by Defendant Pro Per

03-12-12 Ex Parte Application for Stay of Enforcement of Judgment, Memo of P's and A's; Decl of and Jennifer McCandless and Dinesh Perera, Filed by Defendant Pro Per

03-12-12 Application for /and Notice of Application and Hearing for Order to Quash Ex Parte Writ of Possession, Filed by Defendant

03-12-12 Order for Release and Redelivery of Property -- Judgment entered 02/27/2012 is Set Aside -- Hrg Set for 03/16/2012 for Motion to Quash

, Filed by Defendant

03-16-12 Minute Order Evidentiary Hearing re Motion to Quash held. Motion to Quash granted. Defendants were then personally served in open court, they must answer by 3/21/12, Filed

03-21-12 Answer Jennifer McCandless & Diniesh Perera, Filed by Defendant

03-21-12 Notice of Motion & Motion in Limine to Exclude All Evidence Hrg:3/29/12 9:30 am Dept 6, Filed by Defendant Pro Per

03-21-12 Request to Set Case for Trial, Filed by Defendant Pro Per

03-23-12 Notice of Trial -Trial set 4/6/12 @1:30pm Dept 6 R&S set 4/5/12 @1:30pm Dept 6, Filed

03-26-12 Opposition to Motion in Limine Brought by Defendants; Memo of P's and A's-- Hrg: 3/29/2012, Filed by Plaintiff

Complaint Filed: 01-04-12,  Disposed: Pending - Case # 1384458

Wells Fargo Bank NA vs Jennifer McCandless et al, Case No. 1384458  Filed on 01-04-12

01-04-12 Complaint-Unlawful Detainer, Filed by Plaintiff

01-04-12 Summons, Filed by Plaintiff

01-04-12 Civil Case Cover Sheet, Filed by Plaintiff

01-06-12 Notice-Unlawful Detainer CCP1161.2

01-18-12 Order & Notice of Case Assignment, Filed

01-18-12 Proof of Service-Summons & Compl - All Other Occupants, Served by Substituted Service on 1/15/12, Filed by Plaintiff

01-18-12 Declaration of Mailing, Filed by Plaintiff

01-18-12 Proof of Service-Summons & Compl - Jennifer McCandless, Served by Substituted Service on 1/15/12, Filed by Plaintiff

01-18-12 Declaration of Reasonable Diligence, Filed by Plaintiff

01-18-12 Declaration of Mailing; Mailed on 1/16/12, Filed by Plaintiff

01-18-12 Proof of Service-Summons & Compl - Dinesh Perera, Served by Personal Service on 1/15/2012, Filed by Plaintiff

01-20-12 Notice of Motion and Motion to Quash Service of Summons -- hrg: 02/09/2012 at 9:30 am in Dept 6 -- First Appearance Fee Collected $450.00

, Filed by Defendant Pro Per

01-20-12 Notice to the Court Notice of Fraud Upon the Court -- Hrg; 02/09/2012

, Filed by Defendant

01-27-12 Opposition - Plaintiff's Opposition to Motion to Quash Service of Summons Brought by Defendants; Memo. of P's and A's; Declaration of Kenneth A. Freedman, Filed by Plaintiff

01-31-12 Request to Enter Default Any Other Occupants, Filed by Plaintiff

02-09-12 Minute Order Motion:Quash Service of Summons denied. Defendants ordered to respond to the complaint by 2/17/12, Filed

02-16-12 Notice of Motion and Motion to Dismiss Plaintiff's Unlawful Detainer Complaint for Failure to Prosecute-- Hrg: 3/8/2012 at 9:30am in Dept 6, Filed by Defendant Pro Per

02-21-12 Opposition to Motion to Dismiss Brought by Defts; Memo of P's and A's; Decl of Kenneth A Freedman; Req for Monetary Sanctions in the amount of $1500.00 Pursuant to CCP 128.5/Pltiff's -- Hrg: 03/08/2012, Filed by Plaintiff

02-21-12 Request to Enter Default, Filed by Plaintiff

02-27-12 Request for Clerk's Judgment, Filed by Plaintiff

02-27-12 Judgment by Default by Clerk Possession ONLY, Filed by Plaintiff

02-27-12 Writ of Possession ONLY, Filed by Plaintiff

Complaint Filed: 01-04-12,  Disposed: Pending - Case # 1384458

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action:  my business address is 155 W. Washington Blvd., # 1005, Los Angeles, CA 90015.

On   April 2  , 2012   , I served the document described as NOTICE OF REMOVAL AND CASE COVER SHEET on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

Clerk of the Court
Santa Barbara County Superior Court
1100 Anacapa St.
Santa Barbara,  CA 93101

Law Offices of Kenneth A. Freeman
4165 East Thousand Oaks Blvd., Suite 101
Westlake Village, CA 91362

I caused such envelope to be sent by U.S. mail, prepaid, this date. I declare under penalty of perjury the foregoing is true and correct.

Executed on April 2, 2012   , at Los Angeles, California.



NOTICE OF REMOVAL                                   4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 2874 PA (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Wells Fargo Bank, NA | DEFENDANTS<br>Dinesh Perera, Jennifer McCandless, pro se |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Kenneth A. Freedman, 4165 E. Thousand Oaks Blvd., Suite 101<br>Westlake Village, CA 91362, tel 805-777-3822 | Attorneys (If Known)<br>67 Alameda Padre Serra<br>Santa Barbara, CA 93101<br>tel. 805-448-7961 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Detainer following invalid foreclosure

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12 - 2874**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): D.C. No. 2:11-cv-04814-GW-RZ, 9th Cir. 11-56902

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 3-29-2012  4·12·2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |