JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2874 PA (JCGx) | Date | April 04, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Jennifer McCandless, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Jennifer McCandless and Dinesh Perera (collectively, "Defendants") on April 02, 2012. Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Complaint, filed in the County of Santa Barbara Superior Court, asserts a single cause of action for unlawful detainer. Defendants, who appear *pro se*, assert that this Court has subject matter jurisdiction on the basis of basis of 28 U.S.C. § 1452(a), the bankruptcy removal statute.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Pursuant to 28 U.S.C. § 1452(a), the bankruptcy removal statute, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Federal courts have original jurisdiction over cases which are "related to" bankruptcy proceedings. 28 U.S.C. § 1334(b). The "Ninth Circuit has adopted the 'Pacor test' for determining the scope of 'related to' jurisdiction." In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005). Under this test, "related to" jurisdiction exists over any case "where the outcome could conceivably have any effect on the estate being administered in bankruptcy." Id.

Here, Defendants have not provided any support for their contention that this action is subject to removal under § 1452(a). A bare allegation of jurisdiction, without more, in insufficient to defeat the "strong presumption" against removal. Gaus, 980 F.2d at 567. Thus, Defendants have not met their burden to establish the Court's jurisdiction.

Moreover, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. See, e.g., Tishau

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2874 PA (JCGx) | Date | April 04, 2012 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Jennifer McCandless, et al. | | |

Partners v. Miles, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010); Yangming Marine Transport Corp. v. Electri-Flex Co., 682 F. Supp. 368, 370 (N.D. Ill. 1987).  Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction, and thus removal on this ground was improper.

### Conclusion

In light of the foregoing, the Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby remanded to the County of Santa Barbara Superior Court, Case No. 1384458.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.